ISAAC FARNHAM *vs.* OLIVER INGHAM and ELIJAH FRIZZLE.

Parol evidence is not admissible to show that a note, purporting to be absolute, was to be payable only on condition.

A subsequent agreement by parol that a note may be *paid* in a different way than is expressed in the note, if the agreement is performed, may be given in evidence in an action on the note.

Such agreement, made at the time the note was executed, is admissible in evidence.

This was an action originally commenced in the County Court, on note, dated May 17th, 1825, for $120, payable by the 1st of September, then next—half in neat stock, and half in cash, with interest. Plea, *General Issue,* closed to the jury.

The signature of the note was admitted by the defendants.

The defendants offered *parol evidence* to prove that the note in question was executed for the balance found due on a judgement rendered in New-Hampshire, on which a suit was then pending in Essex County Court, in favor of one Silas Curtis, against said Oliver Ingham, and which had then been submitted by said Farnham, as agent of said Curtis, and by said Ingham to the arbitrament of one Moses Martin, who awarded said sum of $120 as the balance

ESSEX,
March,
1833.

Farnham
vs.
Ingham & al.

due on said judgement, and that said note was executed in consideration of said award, and of a discharge of said judgement and suit thereon, then executed by said Farnham, as agent of said Curtis, to said Ingham; also like evidence to show that said note was a conditional note to be void, if said Farnham did not immediately, or at the term then next of said County Court, in 1825, cause said Curtis' suit to be discontinued and stricken from the docket, without cost to either party : also like evidence to prove, that at the time of settling said Curtis' suit, and executing said note, and as part consideration of said settlement, the plaintiff agreed with, and promised the said Ingham, that he would cause said Curtis' suit to be discontinued as aforesaid, and in case of failure so to do, would allow on the said note all actual cost, trouble, counsel and attorney fees and expenses, which said Ingham should be put to, or spend in defending said Curtis' suit, on the ground of said discharge. And that owing to said Farnham's interposing his deposition in said Curtis' suit, testifying in substance that he, said Farnham, was not authorized by said Curtis to settle and discharge said Curtis' suit, and to other causes, said Ingham was obliged to expend, and did expend large sums of money in paying counsel, attorney's fees, and other large sums over and above his legal costs, in said Curtis' suit, in defending the same on the ground of said discharge, to wit, more than the amount of said note; and that said Curtis' suit was kept in Court nine terms after said discharge, and was not finally disposed of until the July Term of the Supreme Court, A. D. 1829, when the said Ingham recovered a final judgement in said Curtis' suit for his legal costs, taxed at $93,12, which has been collected.

*To all which evidence the plaintiff objects, and insists that parol evidence is not to be permitted to add to, contradict, explain, or vary the note in question.*

The Court overruled the objection, and permitted the defendants to go into a showing of their statement of facts : Whereupon, the defendants gave in evidence to the jury the deposition of Moses Martin, including said discharge : also sundry witnesses testified, all tending to prove the de-

Essex,
March,
1833.

Farnham
vs.
Ingham & al.

fendants' statement of facts, as aforesaid : also gave in ev-- idence the plaintiff's deposition, tending to show that he was not agent of the said Curtis when he executed said discharge, which deposition was used to defeat said discharge and said Curtis' suit : also evidence showing the expenses in defending said Curtis' suit.

Whereupon, the Court charged the jury *that the defendants might give in evidence that the note was given on condition to be void, if said Farnham did not cause said Curtis' suit to be discontinued and stricken from the docket, as contended for by the defendants. And if the jury found the note was given on such condition, which had not been complied with by the plaintiff, they might find for the defendants their costs.* But if the jury do not find that the note was given on such condition, but was given in part consideration that the plaintiff would cause said Curtis' suit to be discontinued forthwith ; and in case of failure, would allow on said note all the actual costs, trouble and expenses the said Ingham was subsequently at in defending said Curtis' suit : and also find that the plaintiff never caused the said Curtis' suit to be discontinued ; and by this neglect, the said Ingham was put to great trouble, costs and expenses the jury, in finding damages for the plaintiff, may deduct the amount of such costs, trouble and expenses, from the amount of said note, in mitigation of damages. But under the present state of the pleadings, it was the duty of the jury to find a balance for the plaintiff, though such balance may be only nominal damages ; unless the jury find the note is void, as the defendants contend, in which case the jury will find for the defendants their costs.

The jury returned a verdict for the defendants their costs.

The plaintiff excepted to the charge of the Court.—Exceptions being allowed, the cause comes here for revision.

*Fletcher, for plaintiff.*—The plaintiff contends, that if any portion of the testimony ought not to have been admitted, or either branch of the charge be erroneous, the Court will order a new trial.

There was no want of consideration ; for the amount of

Essex,
March,
1833.

Farnham
vs.
Ingham & al

the award was for a full and adequate consideration, being precisely for the amount of the note. There was no failure of consideration; for the discharge was plead and became a bar, and operative in that action. There was no illegality of consideration; for the submission was lawful, the award legal, and Ingham's note, with surety, a full satisfaction of the award.

But the defendants contend, that the note was executed as well upon the consideration that the Curtis suit should be discontinued as for the award, and that the Curtis suit was not discontinued. This, at most, would be but a partial failure of consideration; and partial failure is no defence, unless it be for a sum certain, and then only for *pro tanto*. But where the sum remains in estimation, evidence is inadmissible; for the defendant has a distinct and independent remedy.—*Maggridge* vs. *Jones*, 14 East. 486.— *Morgan* vs. *Richardson*, 1 Camp. 40.—*Fye* vs. *Guynne*, 2 Camp. 347.

Parol testimony can in no case be admitted to alter the legal effect of a written simple contract.—*Rawson* vs. *Walker*, 2 Com. L. 427.—*Free* vs. *Hawkins*, 4 Com. L. 32. —*Campbell* vs. *Hodgson*, 5 Com. L. 468.—*Stackpole* vs. *Arnold*, 11 Mass. 27, 32, &c.—*Saunders'* P. & Ev. 2 Vol. 242.—*Rose* vs. *Leonard*, 15 Mass. 154-5.—*Brigham* vs. *Rogers*, 17 Mass. 574.

1st, The note is absolute upon the face of it. It was delivered to plaintiff in satisfaction of the award, as in consideration of the agreement to discontinue the Curtis suit, a right became vested thereby, and parol evidence cannot be received to defeat such right.

2d, The testimony received to reduce the damages, was wholly incompetent, and should have been rejected altogether. It lay entirely without the issue. It could not be received in payment, nor did it tend to shew that the plaintiff had no cause of action at the time of commencing the suit. It rested wholly in contract, upon which no issue was formed. This judgement could not be plead in bar to an action upon that contract, nor would the record furnish any evidence that the rights of the parties had been adjudicated. The only legal way in which this contract could avail the defendants, would be by a plea of set-off, which has

Farnham
vs.
Ingham & al.

already been attempted, in this suit, and the rights of the parties settled. To receive such testimony, would be to surprize the plaintiff—to perplex and mislead the jury.

3d, The charge of the Court is erroneous. To have warranted the first branch of the charge of the Court, the evidence must have tended to have proved a want of consideration, or a total failure of consideration. The satisfaction of the award remained good, though the discontinuance had not been entered, nor the discharge plead. At most, it was but a partial failure, and had it not lain in estimation of damages, the note would only have been void *pro tanto*, and the charge is repugnant to the whole tenor of the authorities above cited. The second branch of the charge is equally erroneous. It is only where the contract remains open that the defendant can be let into an equitable defence to reduce the damages—not where there is an independent, subsisting agreement existing, entered into at the time of making the contract declared upon.—Saund. Plead. and Ev. p. 188.—*Sanders* vs. *How*, Chip. 363.

*Wm. Mattocks,* contra.

The opinion of the Court was pronounced by

Williams, J.—There appears to be two grounds of defence set up by the defendants, which are inconsistent with each other. They contend that the plaintiff agreed at the time the note was executed that if he failed to discontinue a certain suit, the note should be void, and also if he failed to discontinue the suit he would allow on said note all actual cost, trouble and expense which the defendant Ingham should be subject to in defending said suit.

Evidence to prove these agreements were offered and objected to, and admitted by the Court. The jury were charged to take the same into consideration and must under the charge have found the agreement first mentioned, as their verdict was for the defendant.

First question is—was the evidence admissible to show the agreement, that the note should be void on certain conditions.

The general principle is that when parties make a contract in writing, that writing is supposed to contain the

Essex,
March,
1833.

Farnham
vs.
Ingham & al.

whole contract, and no evidence is to be received to contradict, alter or explain it, or to show any thing inconsistent with the writing. This principle is too clear to be questioned, and it remains to enquire whether the Court in admitting the evidence offered, contravened this principle of law.

The note appears to have been absolute on the face of it, for the payment of money and stock, by a certain day, purports to be, and was proved to be, for a valuable consideration, and was in contemplation of law a note for the payment of money and stock, absolutely by the time therein limited. Now, although evidence was admissible to impeach the consideration, or to show no consideration, yet it was not admissible to vary the promise. The evidence which was admitted went directly to contradict this note or writing, to make it payable on a contingency only, and not absolutely, as it purported; and in this view, it directly contravened the case of *Hoare et al* vs. *Graham et al*, 3 Camp. 57; *Free et al* vs. *Hawkins*, 8 Taun. 92; *Woodbridge* vs. *Spencer & wife*, 3 Barn & Ald. 263; *Mosley, assignee of Robins* vs. *Hanford*, 10 Barn. & Cres. 729.

As the evidence was improperly received and the charge of the Court upon it incorrect, we are all of opinion that judgement of the County Court must be reversed and a new trial granted.

On the other part of the case, we are not so well agreed. It appears that the evidence was also received on the second branch of the defece in payment of the note.

It strikes me that this evidence ought also to have been rejected as militating against the same principle of law, to wit, that nothing can be added to a written agreement. It has been decided, that if there is a clear *subsequent* independent agreement for the discharge of a contract or varying the terms, or enlarging the time of the performance, it may be received in evidence; but I apprehend that such an agreement made at the time when the contract was reduced to writing, cannot be received, as it would vary the terms of the contract; the written contract is supposed to be the best evidence of the whole contract. *Rich* vs. *Jackson*, 4 Br. C. C. 514; *Portmore* vs. *Morris*, 2 Br. C. C.

219. My brethren however, (Royce & Baylies) think that there was evidence of a collateral agreement for the payment of the note in a particular way, and as such, not liable to the objection arising from the general principle, and in this view it was admissible under the general issue to show the agreement, that the costs should be applied in payment of the note, if Ingham was subject to costs by the failure of Farnham to discontinue the suit. The judgement however, is reversed and a new trial granted, for the reason stated above.