## BENNINGTON COUNTY,

### FEBRUARY TERM, 1836.

PRESENT, HON. CHARLES K. WILLIAMS, *Chief Justice.*
" STEPHEN ROYCE,
" SAMUEL S. PHELPS, } *Assistant Justices.*
" JACOB COLLAMER,

GILBERT BRADLEY *vs.* SOLOMON BENTLEY.

Parol evidence is inadmissible to contradict, *vary, or add to* a written contract.

This was an action on the following promissory note executed by the defendant to the plaintiff.

BENNINGTON,
*February,*
1836.

" $22 50.                    Sunderland, Dec. 23d, 1833.
One year from date I promise to pay G. Bradley or bearer, twenty-two dollars and fifty cents for value received, with interest.
(Signed,)          SOLOMON BENTLEY."

*Plea,*—Non assumpsit, with notice of the following facts:

On the trial the defendant offered to prove by parol, the following facts, to wit, that said note was given for a stove sold and delivered by the plaintiff to the defendant on the day of the date of said note, and at the same time it was agreed between the parties that at the expiration of a year from the date of said note, the defendant might elect to pay the amount specified in said note, or to return said stove to the plaintiff in satisfaction or payment of said note, and pay him six dollars for the use of the same.—That the defendant did, at the expiration of the year, elect to return said stove, and did take the same to the plaintiff's store, and there tendered the same with six dollars in specie to the plaintiff, which he refused to receive; and the defendant left the stove at the plaintiff's store, and kept said specie, and brought the same into court and deposited it with the clerk. To the admission of which parol evidence the plaintiff objected, but the same was admitted and a verdict and judgment rendered for the defendant; to which the plaintiff excepted, and the cause passed to this court.

*Smith for the plaintiff.*—The court ought not to have admitted the testimony of a parol agreement at the time of the execution of

BENNINGTON;
February,
1836.
Bradley
vs.
Bentley.

the note. Parol testimony cannot be received to contradict, add to, or vary a written agreement. The written instrument is considered as containing the true agreement between the parties, and as furnishing better evidence than any which can be supplied by parol. The distinction made in the trial below that parol testimony is admissible to prove an independent collateral agreement for the payment of a note in a particular way, and made at the time of the execution of the note, is not at all sustained by the cases, *Ransom* vs. *Walker*, 1 Star. Cas. 361—*Kee* vs. *Hawkins*, 8 Taunt. Rep. 89—*Mosley, assignee of Robinson*, vs. *Hanford*, 10 Barn. & Cris. 731—*Rich* vs. *Jackson*, 4 Bro. Ch. Ca. 515—*Powell* vs. *Edmends*, 12 East. 6— *Hoare* vs. *Graham*, 3 Camp. 57—*Meres* vs. *Ansell*, 3 Wils. 275—*Lord Verbmure* vs. *Morris*, 2 Bro. Ch. Ca. 19—*Mease* vs. *Mease*, Cowp. 47—*Graves* vs. *Ashlin*, 3 Camp. 426—*Barber* vs. *Brace*, 3 Conn. Rep. 9— *Thompson* vs. *Ketchum*, 8 John. Rep. 146—1 Phil. Ev. 437, 439—3 Star. Ev. 1002-5-7—*Bradley* vs. *Anderson*, 5 Vt. R. 152—*Brown* vs. ——, 1 Chip. Rep. 227.

*Bennett for the defendant.*—The evidence offered was properly admitted. It was not offered to contradict the note, but to show a distinct independent collateral agreement whereby the note might be satisfied. There is no rule of law excluding such evidence, but it is settled by frequent decisions to be admissible.—1 D. Chip. R. 365, *Sanders* vs. *Howe*—5 Vt. R. 520, *Farnam* vs. *Ingraham et al.*—3 Stark. Ev. 1002, note 1—2 Dallas, 171, *Field* vs. *Biddle*—15 Mass. R. 85, *Davenport* vs. *Mason*.

The evidence shows an accord and satisfaction. To exclude this evidence, would do great injustice to the parties, and would sanction the attempts of the plaintiff in committing a fraud upon the rights of the defendant in attempting to collect the note in violation of his own agreement.

The opinion of the court was delivered by

COLLAMER, J.—There is hardly to be found in the science of law, a principle more uniform and inflexible in its application than the rule in the law of evidence that a *written* contract is the highest and most conclusive evidence of the minds of the parties on that subject, *at that time*; and therefore it cannot be contradicted, varied, controled or added to by parol evidence. Such evidence is never received but in case of *fraud*, (which is to show that in fact it never was a contract) or in case of latent ambiguity. If the instrument is complete in itself, and would have an effective ope-

Bennington,
February,
1836.

Bradley
vs.
Bentley.

ration, the parol testimony is never received to give to it any other operation.) This principle has been adhered to by the courts of common law with a long and unusual uniformity, and decisions and elementary writers might be cited on this point to an extent in number and time greater than on almost any other. That courts sometimes, pressed with an extreme case of hardship arising on the operation of a principle wholesome and salutary in its general effect, have never made an anomalous and contradictory decision, is not to be expected; but they are uncommonly rare, on this point. It is true that the courts have admitted evidence of a *subsequent* parol contract embracing the prior written one, and thus superseding it. This must be on new consideration independent, collateral, and furnishing redress to the party, or it must be executed and its performance *actually received*, when it amounts to accord with satisfaction. The decisions on these subsequent, independent collateral contracts, embracing and controling the written ones, have been pressed into the service and made to sustain the doctrine that the written contract is subject to being thus controlled generally; and the distinction that such is never the case except by *subsequent* contract, which is not at war with the general principle, has been, in some few instances, disregarded. It is also to be noticed, that satisfaction, *actually received*, is always a defence; and in such case it is immaterial whether the accord, or agreement to receive, was cotemporaneous or subsequent to the written contract. In some very few cases, the distinction that satisfaction actually received is a defence, has been lost sight of, and the decision seems to look as if the *accord* previous to or simultaneous with the contract shown by parol, actually *controlled* it, when in truth it did not, but only the subsequently *receiving the satisfaction*. This rule is, however, *a rule of evidence*, and therefore it may be waived by the party for whose security it is made. Like estoppel, it must be insisted on in proper season by the party, and in a proper and legal manner, or it is waived. This accounts for another class of cases, not uncommon in the books, not unfrequently pressed on courts improperly to sustain the principle for which the defendant here contends. Among these cases is *Barney* vs. *Bliss*, (2 Aik. 60,) in which it was holden that by traversing instead of demurring to a plea, which alleged the written contract sued on to have been made by *mistake*, the plaintiff waived the rule of law, that this fact might not be proved by parol. Also the case *Noyes* vs. *Evans*, (6 Vt. R. 628,) where the defendant made no objection by demurrer or otherwise to the action being sustained by parol evi-

BENNINGTON,
February,
1836.

Bradley
vs.
Bentley.

dence, and was therefore cast in his cause. Parol proof has also been admitted to rebut legal *presumptions,* and is undoubtedly admissible to show the written contract was never in fact delivered, and was a mere escrow. Under one of these general principles may all the cases on which the defendant relies be accounted for.

It is perfectly obvious that to sustain this defence, we must directly admit a written contract, perfect and unambiguous, to be varied, added to and controlled by parol evidence of a cotemporaneous understanding, and when no satisfaction has been actually received, producing a discharge ; and to admit this directly against objection seasonably and regularly interposed. This we consider as directly contrary to established and wholesome law, notwithstanding the suggestions contained in *Farnham* vs. *Ingraham,* with which the court below was pressed. It must be obvious, if this testimony is admissible, and this defence can be sustained, by the same principle, any note however apparently valuable in the consideration or execution, of which no defect or fraud is even suggested, is subject to being utterly controlled by parol evidence on the tender of a pepper-corn.

                             Judgment reversed.