### HONEYCUT, USE, &c. v. STROTHER.

1. H. sold to S. a tract of land which he had previously purchased from A., and for the payment of which, A. held three notes on H., and it was agreed that S. should execute three notes for the same amount, and to fall due at the same time with those held by A. on H., which H. agreed to substitute for those held by A. on him. Held—that if H. failed to substitute one of the new notes for one of the old ones, and S. paid one of the notes thus held by A., it was a valid defence to one of the notes executed to H. by S. when sued on by H. for the use of another.
2. In such a case, it is no objection to the agreement, to substitute the new notes for the old, that it was parol merely, on the ground, that it did not vary the terms of the written agreement.

Error to the County Court of Dallas County.

THIS was an action of assumpsit, brought by the plaintiff in error, against the defendant in error, in the County Court of Dallas, on a promissory note, for nine hundred and fifty dollars.

To a declaration in the usual form, the defendant pleaded non-assumpsit, want of consideration, failure of consideration,

and set-off, and, on issues joined on the pleas, the defendant had judgment.

Pending the trial, a bill of exceptions was taken, by which it appears, that the plaintiff and defendant, some time in the year 1836, entered into a contract by which the former sold to the latter certain lands, which he had previously purchased, or a part thereof, from one Solomon Adams, and had given Adams three notes for the same, each amounting to nine hundred and fifty dollars, and had received from Adams a bond for title, when the purchase money should be paid. That, when the purchase was made by the defendant of the plaintiff, Adams held the same. It was agreed that the defendant should execute to the plaintiff three notes of the same amount and date, with those due from the plaintiff to Adams, and that the plaintiff should give the same to Adams, to take up his own notes. This agreement was verbal. The plaintiff, instead of doing so, disposed of the notes, and the note sued on, which is one of them, was by him transferred to Crocheron, for whose use the suit is brought. It appeared from the evidence of Adams, that he had been paid in full, all the claims he had on the plaintiff.

It further appeared, that the plaintiff had traded the note sued on previous to June, 1837, on which this suit was commenced in May, 1838. That Adams, who sold to Honeycut, had purchased two hundred and forty acres of the same land, from one Cathcart, who had given bond to make Adams title, upon full payment of the purchase money. That the defendant, on the 27th January, 1838, gave his own note to Cathcart, for four hundred and thirty-one dollars, thirty one cents, the balance due by Adams to Cathcart, on the purchase, and that the same was paid by Strother, previous to the commencement of this suit. It also appeared that Crocheron had given the defendant notice, that the note on which this suit is founded, belonged to him, and that he had paid three hundred and sixty-five dollars of the plaintiff's debts. It also appeared, that Strother, on the 27th January, 1838, paid one of the notes executed by the plaintiff to Adams for the land, deducting out of the same, the four hundred and thirty-one dollars thirty-one cents, paid to Cathcart. It also appeared, that all the aforesaid incumbrances on the land, were due on or before

the first January, 1838, and the amount paid by the defendant was then unpaid.

Upon this evidence, the plaintiff's counsel asked the Court to instruct the jury, that they must look to the bond of Adams to the plaintiff, and assigned by him to the defendant, with the five notes then executed, for the sole evidence of the contract, which the Court refused; and instructed the jury that parol evidence might be received, to prove that the substitution of the defendant's notes formed the consideration.

The plaintiff's counsel also requested the Court to charge, that the failure of the plaintiff to substitute the notes of the defendant, in lieu of his own in the hands of Adams, was not a total or partial failure of consideration; which charge, the Court refused, and charged the jury that, if they believed that the consideration passing to Strother was the transfer of the notes given by the plaintiff to Adams in the place of the notes Adams held on him, the failure of the plaintiff so to substitute them was a failure of consideration.

The plaintiff further moved the Court to charge that, as Strother was in possession of the land, there was no relief at law, which was also refused by the Court. To all which the plaintiff excepted, and now assigns as error.

GEORGE GAYLE, for plaintiff in error, cited 4 Stew. & Por. 96; 5 ibid 410 and 88; I Ala. Rep. (N. S.) 436.

That vendee being in possession, could not defend at law. Sug. on Ven. 347. 352; 1 Stewart, 490; 1 Stew. & Por. 71; 3 ibid, 355, 431; 1 Ala. Rep. (N. S.( 287, 622, 645.

That the defendant, if entitled to relief, must resort to a Court of Equity. Smith v. Pettus, 1 Stew. & Por. 107.

EDWARDS, contra.

ORMOND, J.—It is the settled law of this Court, that a purchaser of land, in possession, cannot refuse the payment of the purchase money for any defect of title in the vendor, as is conclusively shewn by the authorities referred to by the counsel for the plaintiff in error. But it does not appear, that the defence set up to this note, is a want of title in the vendor; it

14

is a breach of a parol agreement, which the vendor entered in-
to at the time the notes for the purchase money were executed.
That agreement was, that three of the notes, which the defen-
dant executed to the plaintiff, should be exchanged for three
notes of the same amount and falling due at the same time,
which the plaintiff owed to one Adams. The reason of the
arrangement was, that the land had been purchased by the
plaintiff from Adams, and these notes were a part of the pur-
chase; and, until they were paid, the defendant could not get
title to his land, which was to come from Adams. It was then,
in substance, an agreement, that the defendant should become
the paymaster of the notes, held by Adams on the plaintiff;
and, in effect, the plaintiff became the agent of the defendant
to substitute the new notes for the old.

The question then, which is presented is, can the plaintiff, in
disregard of this agreement, transfer the notes made for this
particular purpose, and thus subject the defendant to the pay-
ment of both sets of notes ; for, although the defendant was not
a party to the notes due from the plaintiff to Adams, until
they were discharged, he could not obtain a title to his land.

It is true, that, if the plaintiff had himself paid off the notes
which Adams held on him, he would have been reinvested
with the title to the new notes, and could have transferred or
maintained an action on them in his own name, unless, in pur-
suance of the agreement, the defendant without notice of such
payment, had acquired claims against Adams. That this is
the true view of the case will be apparent, if we suppose the
plaintiff to have retained the notes in his hands, and that the
defendant had discharged the notes held by Adams; it would
seem very clear, that, by operation of law, the notes held by
the plaintiff, and which were the mere representations of those
held by Adams, would be extinguished. Through the dim
twilight of the bill of exceptions in this case we discern, that,
in this manner, the controversy arose in the Court below. It
is stated in the bill of exceptions, that Adams had been paid
in full, all the claims held by him against the Plaintiff; but it is
not stated by whom he was paid. It is further stated, that
Strother, the defendant, paid to Adams one of the notes which
he held on the plaintiff. It is also stated, that Crocheron had

given notice, that the note sued on was his property, and that he had paid three hundred and sixty-five dollars of the plaintiff's debts. Why this last fact was stated, does not appear; but it is calculated to raise an inference, that Honeycut is insolvent, and that this is a struggle between two of his creditors, on which a loss shall fall.

The inference which we deduce from the bill of exceptions is, that the plaintiff failed to substitute one of the notes executed by the plaintiff for one of the notes held by Adams—that this note the defendant has been obliged to pay, and by consequence, on the principles here laid down, the payment to Adams was a payment of the note which should have been substituted for it, but was withheld by the plaintiff. If in this we are mistaken, the fault must rest with those whose duty it was to present the point in a plain and distinct manner.

It is however objected, that the agreement for the substitution of the notes, being merely verbal, was a variance of the written agreement of the parties, and therefore void. The only written evidence of the agreement of the parties, was the assignment by the plaintiff of the bond of Adams to the plaintiff, and the notes executed for the purchase money : and we cannot perceive, that the parol testimony referred to, contradicts or varies it; but is entirely consistent with it. The cases of Murchie v. Cook and McNab, 1 Ala. Rep. (N. S.) 41 ; and W. & J. Simonton v. Steele, ibid 387, are in principle like the present. In both of those cases, it was held to be admissible, to prove by parol a particular mode of payment or discharge agreed on by the parties.

It results, from what has been said, that there is no error in the charge of the Court, and the judgment is therefore affirmed.