## McNAIR AND WIFE v. COOPER.

1. Where there is a parol executory agreement, made at the time of the execution of a note, if the collateral contract be not executed, it cannot be given in evidence to defeat the action on the note.

2. Upon a refusal to execute the collateral engagement, the principal contract might be rescinded, by putting, or offering to put, the party in *statu quo;* or it might be the foundation of an action for damages for its breach.

3. A witness proved that he had purchased a tract of land from the plaintiff's testator, and proposed to sell it to the defendants, who refused to buy the land unless the notes to be given for the purchase could pass into the possession of the Selma Rail Road Company, which was indebted to them ; that this conversation was afterwards communicated by witness to the testator of the plaintiffs, who said ' that the notes of defendants would answer his purposes as cash, in payment of his stock to the Rail Road Company. Held that this testimony was irrelevant, on the ground that it did not tend to show what the contract really was, which the parties subsequently made.

4. The cases of Murchie v. Cook & McNab, 1 Ala. 42 ; of Simonton v. Steele, id. 357 ; and of Honeycut v. Strother, 2 ib. 135, examined and explained.

ERROR to the County Court of Dallas.

This action of assumpsit was brought in the Court below, by the plaintiffs in error, executor and executrix of Uriah Grigsby, deceased, against the defendant, as survivor of the firm of David Cooper & Brothers, on two promissory notes made by them to Uriah Grigsby, for the payment of eight hundred and thirty-three dollars thirty-three cents, each.

Pleas non assumpsit—fraud—failure of consideration—want of consideration—all, in short, by consent—and, also, a special plea in short "that the notes sued on were to be paid to the Treasurer of the Rail Road Company, by the plaintiff, in payment of plaintiff's stock, and the Rail Road Company being largely indebted to defendants, were to take said notes and pay them as money to defendants. To this plea there was a demurrer, which was overruled by the Court, and the plaintiff took issue upon it.

The defendant, to obtain a continuance of the cause, made affidavit that he could prove by one Jeremiah Pitman, that the

notes on which the suit is founded, were given on the purchase of some real estate; that before the purchase aforesaid and execution of the notes, the witness had purchased the land of the plaintiff's testator, and proposed to sell the land to David Cooper, one of the defendants, who refused to purchase the land of witness, unless the notes to be executed by him and Isaac Cooper, (then acting together as partners,) to the plaintiff's testator, would be paid in by said testator, in discharge of his rail road stock, which the witness communicated to the testator of plaintiffs, who then observed that the notes of said defendants would answer his purposes as cash, to pay in his stock with, as he would have the cash to pay, and the notes would be the same to him to pay in his stock.

That from the whole of this conversation he thought it was expressly agreed between Grigsby and David Cooper, acting on behalf of the firm of David & Isaac Cooper, that the notes sued on should be so paid in; upon which the said purchase was consummated and the notes executed.

It being admitted that the witness would swear to these facts, the plaintiff's counsel objected to the testimony because it was oral, and tended to contradict the written evidence, and specially to the latter clause, that it was the *opinion* of the witness, but the Court overruled the objection.

After argument, the Court charged the jury that a verbal understanding or promise such as described in Pitman's testimony, made at or before the time of the execution of the notes sued on, notwithstanding the residue of the contract was reduced to writing was valid and legally binding upon the plaintiff in this action, and if not carried into effect the failure constituted a good defence to this action.

That in such a case as the present, if the defendant's interest can be in any manner affected, he has a right to demand a full compliance with the agreement.

That if the defendant was injured by the misapplication of the notes, no matter how little, even if it were merely being delayed in the collection of the debt from the Rail Road Company, it was a defence to this action.

That the manner or mode of payment of a note can always be shown by parol, as matter of defence; and by way of example, stated that if a note was payable in dollars, it might be

shown by parol that it was payable in corn, and that payment in money could not be enforced.

The plaintiff's counsel requested the Court to charge the jury, that if, from payments made subsequent to the execution of these notes, nothing was owing from the plaintiff's testator to the Rail Road Company, at the time of the maturity of the notes first due of these here sued on, (to prove which evidence has been introduced by the plaintiffs,) that then the plaintiff was not bound to transfer the notes to the Rail Road Company, which instruction the Court refused to give, and the counsel excepted, as well to the instructions given as to the evidence admitted.

After the charges were given to the jury, the Court, without the consent of the plaintiffs, withdrew from the consideration of the jury, the latter part of the testimony of Pitman, consisting of his opinion.

A verdict and judgment having passed for the defendant, the plaintiffs prosecute this writ, and assign for error—

1. In admitting any portion of the evidence of Pitman.

2. In admitting the latter clause, consisting of the opinion of the witness.

3. In the charges given and the refusal to charge as shewn in the bill of exceptions.

4. In overruling the demurrer to the plea.

R. SAFFOLD, for plaintiffs in error, contended that this was an attempt by parol, to contradict a written contract. He cited 1 Johns. Rep. 139; 8 Taunton, 92; 5 Porter, 88; 1 Ala. Rep. 160; id. 436; 2 id. 280, 571.

The distinction he contended was between the performance of a verbal condition, operating as payment of the note, and a prior or contemporaneous verbal contract unexecuted. In the former it is the subsequent execution, and not the parol agreement, which is operative as accord and satisfaction. That in this case there was no satisfaction, nor any proof that the Rail Road Company assented to the arrangement, and agreed to look to defendant for payment. [4 Mass. 414; 8 Johns. 375; 8 Vermont, 243; 17 Pick. 171; 1 Ala. N. S. 423; 2 id. 359.]

GEO. GAYLE, contra, maintained that the decision of the

McNair and Wife v. Cooper.

Court below was fully sustained by previous decisions of this Court. He cited 1 Ala. Rep. N. S. 41; id. 357; and particularly the case of Honeycutt v. Strother, [2 Ala. Rep. 135,] which he insisted was expressly in point.

ORMOND, J.—The special plea relied on as a bar to the action is very informal, but was designed we presume to state, that at the time the notes sued upon in this action were executed, it was agreed between the parties that Grigsby, the payee, should transfer the notes to the Selma Rail Road Company, in payment of his stock in the Company—the Company being at the time indebted to the makers of the note.

These facts disclose that at the time of the execution of these notes, (which, from the evidence in the cause, we learn was for a tract of land sold by the payee to the makers,) there was a collateral parol agreement, that the notes should be transferred to the Rail Road Company, which was indebted to the makers of the notes, and the breach of this collateral contract is relied on as a bar to a recovery on the notes; but we are very clear that it cannot have that effect. If it could operate as a bar, it would follow that the makers of the notes would avoid the payment, and also keep the land, and still retain their claim against the Rail Road Company.

If the collateral engagement was executed, it would doubtless constitute a defence to the principal contract. Or, upon a refusal to execute the collateral engagement, the principal contract might be rescinded, by putting, or offering to put, the party in *statu quo;* or it might be the foundation of an action for damages for its breach; but for the reasons assigned, a failure to perform the collateral engagement could be no bar to a recovery on the principal contract. This is the doctrine of the case of Crossman v. Fuller, [17 Pickering, 171.] The Court in their opinion say, "this was a *parol collateral* agreement, which *has been executed.* If it had not been, it could not have had the effect to vary or contradict the terms of the note. Thus if a note were payable in money, a collateral agreement made at the time of the making of the note, that it should be payable in goods, could not be received in evidence. But the party having a claim in virtue of an executory collateral contract,

must pursue his remedy upon the agreement itself for a breach of it."

So in this case, if the defendants have sustained injury by the failure of the plaintiff to transfer the notes to the Rail Road Company, they may sue for the breach of that contract and recover the damages they have actually sustained. But they cannot plead such failure in bar of an action on the notes, not only because it would be to contradict the written contract of the parties by parol, but also because the amount due on the notes would not be the criterion of the damages sustained by the breach of the collateral engagement, and would, therefore, be necessarily unjust to one of the parties. The demurrer should, therefore, have been sustained to the plea.

The evidence which the defendant proposed to adduce in support of the plea, did not tend to prove that any collateral contract, such as is described in the plea, had ever been entered into by the parties. It appears that the witness had first purchased the land of the plaintiff's testator, and proposed to sell it to the defendants, who refused to buy the land unless the notes to be given for the purchase, could pass into the hands of the Rail Road Company, which was indebted to them—that this was afterwards communicated by him to the plaintiffs testator, who said that the notes of defendants, would answer his purposes as cash, in payment of his stock to the Rail Road Company. This testimony merely shows what the parties were willing to do at some time previous to the making of the contract; but it has no tendency to show what the contract really was at the time it was made, and should, therefore, have been excluded from the jury as wholly irrelevant.

This disposes of the entire case, and shows that the Court erred in its judgment on the demurrer to the plea, in its refusal to exclude the testimony, and in the charges given to the jury.

Three cases, heretofore decided by this Court, have been pressed on its consideration, as leading to a different conclusion. They are the cases of Murchie v. Cook & McNab, 1 Ala. Rep. 42; Simonton v. Steele, id. 357, and Honeycutt v. Strother, 2 ib. 135.

In the first of these cases, the head note indicates that parol evidence is admissible to prove, that where a note was executed

there was an agreement to receive in payment *the debt of a third person.*

· The defect of this note is, that it does not state, as was the fact in that case, that the agreement was executed. The facts as shown by the report of the case were, that upon a sale of goods to Murchie, it was agreed to receive in payment a debt due him, which those selling the goods had assumed to pay, and the note sued on, which was for the amount of the goods thus taken up, was executed because the amount of the debt thus assumed, was not then precisely ascertained. As soon then as the goods were received, under this contract, it extinguished the debt thus assumed, or in the language of the Court in the case, "discharged *pro tanto* the debt due the plaintiff in error from McMahan, Murchie & Co." Having given the case again a critical examination, we are satisfied it is correctly decided, and is entirely consistent with the rule that a written agreement, cannot be varied by parol evidence. To prove by parol that a note is extinguished or discharged, no more contradicts it, than to prove that it was made originally without consideration.

· The facts of the case of Simonton v. Steele, were, that the consideration of the note sued on, was some other notes on a third person, upon the agreement that if these notes could not be used in a suit then pending against the maker of the note, they were to be returned and the note cancelled. The notes thus received could not be used as a set-off. There can be no doubt that this evidence was admissible; it merely established that the consideration for which the note was given had wholly failed, proof of which has never been considered as conflicting with the rule in question.

The remaining case of Honeycutt v. Strother, [2 Ala. 135,] is more especially relied on. The facts were, that Honeycutt had purchased a piece of land from one Adams, and given him three notes for the purchase money. He afterwards sold the same land to Strother, at the same price he had given for it, taking from him three notes for the same amount, and falling due at the same time with those held by Adams, and assigned to him the bond for title he had received from Adams. There was, at the time, a parol agreement that these notes should be delivered up to Adams, and substituted for those which he held

84

on Honeycutt. This Honeycutt failed to do, but transferred one of the notes to a third person, who sued Strother in Honey-. cutt's name. The question was whether Strother could prove this parol agreement executed, by showing that he had paid Adams the amount of the note held by him on Honeycutt.

This Court held that such proof was admissible, and upon a review of the case, we are satisfied it was correctly decided. That was like the case at bar, the case of a parol collateral agreement, made at the time the note was executed, but which unlike the case at bar was carried into effect. The substance of the contract in the case cited, was that Strother was to pay Adams for the land, and to accomplish this, Honeycutt was to make an exchange of the notes held on him by Adams. It appears that he did not do this, but that Strother paid Adams; which was in its effect, if not literally, an execution of the pa-. rol agreement. Had this not been done, Strother could not have defended himself when sued on the note executed by him to Honeycutt.

The result of all the cases is, that where there is a parol executory agreement, made at the time of the execution of the note, if the collateral contract be not executed, it cannot be given in evidence to defeat the action on the note, because that would be to contradict by parol the written agreement of the parties. But if the collateral agreement be executed, it will be a good defence to an action on the note; not because such proof would show a different contract from the one described in the written instrument, but admitting it to .be as stated, will show its *discharge* in the nature of an *accord* and *satisfaction*. [See Crossman v. Fuller, 17 Pickering, 171; Walker v. Russell, id. 280; and Bradley v. Bradley, 8 Vermont, 243.]

Let the judgmenut be reversed and the cause remanded.