## JONES vs. TRAWICK'S ADM'R.

[TROVER FOR CONVERSION OF SLAVE.]

1. *Parol evidence not admissible, at law, to vary bill of sale.*—Where a bill of sale for a slave is, by the direction of the purchaser, executed by the vendor to a third person, and delivered to him, as a security for the repayment of the purchase-money advanced by him, the subsequent repayment of the money by the purchaser cannot, at law, divest the title out of such grantee. (RICE, C. J., *dissenting.*)

APPEAL from the Circuit Court of Marengo.
Tried before the Hon. ROBERT DOUGHERTY.

THIS action was brought by the administrator of Ignatius Trawick, deceased, against Richard Jones, to recover damages for the conversion of a slave named Ned. The evidence adduced on the trial is thus stated in the bill of exceptions :

"It appeared that Trawick, whose administrator the plaintiff is, held possession of the slave in controversy, from about the 14th May, 1852, until his death ; that the plaintiff, as his administrator, then claimed and took possession of the slave ; and that the defendant, in the spring of 1854, took possession of the slave, without the consent of the plaintiff, and converted him to his own use. There was evidence tending to show, that the slave had belonged to Streeter & Cox, who, in May, 1852, bargained with said Trawick for him ; that Trawick, with their consent, took the slave to his own house, but Streeter & Cox retained the title in themselves, and the bargain was not finally closed, nor the money paid for the slave, until the 14th

May, 1852, when the defendant, at the request of Tra-
wick, paid Streeter & Cox the sum of $700; that Streeter
& Cox thereupon, with the consent of Trawick, executed
to defendant a bill of sale for said slave, a copy whereof is
hereto appended as an exhibit; and that this was done to
secure defendant in the sum of $700 so advanced for Tra-
wick. Said bill of sale was proved and adduced in evidence
by the defendant, and was in his possession and control;
and there was no evidence that it had ever been delivered up
to Trawick. The evidence tended to show, that this bill
of sale was thus executed in order to secure the payment
of said sum of money advanced by defendant for said
Trawick, and that defendant took no other evidence of
the debt. Evidence was introduced by the plaintiff, tend-
ing to show that, on the 1st January, 1853, defendant and
said Trawick had a settlement of the matters of account
between them, a copy of which, showing the account then
stated between them, is hereto appended as an exhibit;
that this settlement was made out by witness at the re-
quest of the defendant, and given to Trawick; and that
the defendant said, that this settlement showed how mat-
ters stood between them. But it appeared that defend-
ant still retained said bill of sale."

The bill of sale and statement above referred to, as the
same are set out in the transcript, are as follows:

"Received of Richard Jones seven hundred dollars, in
consideration of which I bargain and sell to him a negro
boy named Ned, which negro I warrant to be sound, and
also warrant the title. Witness our hands and seal, this
14th May, 1852."      (Signed)      "STREETER & COX."

"Mr. I. A. Trawick, in account with R. Jones:
1853.
Jan'y 1. To rent of Planters' Hotel in Demopolis,
                from 27th May, 1852, at $20 per
           ·    month...................................... $140 00
    "    "    your note due 17th May,
                1852........................... $350 00
                interest on same to date...    16 33–  366 33

Jan'y 1. To note for purchase of girl
             Sarah, dated and due
             27th May, 1852..........$1,000 00
             interest on same to date...   46 66–1046 66
" " cash paid insurance on
             "Planters Hotel," 3d
             July, 1852, by F. & R...   $31 00
             interest on same to date     1 24–   32 24
" " paid you in A. S. Cade's sight
             draft on W. C. Dickinson, in
             favor of Ed. Baptist, and passed
             by R. G. Rapier, for Sarah......   500 00
" " your 8 notes, with interest............   899 54

                                        $2984 77
                    Cr.
" By sale of girl Sarah, by R. G. Rapier...  1100 00

             Balance due..........................$1884 77"

"Upon this evidence, the court charged the jury, that said stated account was *prima-facie* evidence of the settlement and payment of said sum of money advanced by defendant, and of the extinguishment of his title to the slave; and that the burden of proof lay on the defendant, to show that said sum of $700 advanced by him to Streeter & Cox was not included in said settlement."

This charge, to which the defendant excepted, is now assigned as error, with other matters which require no particular notice.

WILLIAM M. BROOKS, for appellant.

LOMAX & CLARKE, *contra*.

WALKER, J.—The charge given in this case can not be correct, unless the payment of the money, advanced by the appellant for the intestate of the appellee, would, *at law*, divest and transfer to the latter the title vested in the former by the conveyance to him. Jones, at the request of Trawick, advanced the purchase-money of a slave bought by the latter; and, at the request of Trawick, a

written conveyance of the slave was made to Jones by the vendor, for the security of the repayment of the purchase-money advanced by Jones. Jones' title, thus derived, could not be divested by the payment of the money advanced by him, unless a condition could be incorporated upon the bill of sale by proof of a cotemporaneous or antecedent parol agreement, in a suit at law; thus giving it the effect of a mortgage. It is now well settled, that an absolute conveyance may, in a court of equity, be shown to have been designed to operate as a mortgage; and will, upon proper proof, be treated as a mortgage in that court. But the chancery court, in treating an absolute conveyance as a mortgage, proceeds upon principles peculiar to itself. The jurisdiction of the chancery court to declare an absolute conveyance a mortgage, has often been assailed, as an infringement of the wholesome rule that a written contract can not be varied by parol evidence. It has been maintained, however, upon the ground that the court may, for the purpose of preventing the fraudulent use of a conveyance, interpose and enforce the parol trust upon which it was made.—Bishop v. Bishop, 13 Ala. 475; Kennedy v. Kennedy, 2 Ala. 571; Sledge v. Clopton, 6 Ala. 589; Parish v. Gates, 29 Ala. 254; Edmundson v. Welsh and Wife, 28 Ala. 578.

The jurisdiction of the court of equity rests upon grounds not recognized in a court of law. We have in this State no case, in which a court of law has assumed to enforce the parol trusts upon which a written conveyance was made; and there is no principle upon which the exercise of such power by a court of law can be upheld. The rule, that the written contract cannot be varied by parol evidence, is unbending at law; and the exceptions which prevail in a court of chancery are referrible to its peculiar jurisdiction over trusts, and for the prevention of frauds.

In the case of Sewall v. Henry, 9 Ala. 24, there was a cotemporaneous written instrument, which was construed to be a part of the same instrument with, and to provide a condition to the conveyance. In the old case of Harrison & Harrison v. Hicks, 1 Porter, 423, the conveyance was modified and altered into a mortgage, or pledge, by a

subsequent parol agrement. That case is maintainable, upon the priuciple that a written contract may be altered by a posterior parol agreement; and does not violate the rule, which prohibits the variation of a written instrument by parol evidence of a cotemporaneous or antecedent agreement.

There is a class of cases, in which parol proof is admissible, to show that there was a collateral agreement, cotemporaneous with the execution of a note, that the note might be discharged in a particular manner, provided the agreement has been executed. McNair and Wife v. Cooper, 4 Ala. 660; Murchie v. Cook & McNab, 1 Ala. 42; Honeycut v. Strother, 2 Ala. 135; Bradley v. Bentley, 8 Verm. 243; and Hagood v. Swords, 2 Bailey, 305, are all cases belonging to that class. They rest upon the idea, that when the parol agreement, as to the discharge of the note and its performance, has been proved, the note itself has not been varied, but the discharge of the note has merely been proved. The parol cotemporaneous agreement is admitted, not to vary the note, but to aid in the establishment of a subsequent satisfaction of it. This principle cannot apply here. To enable the administrator of Trawick to recover, it is necessary that he should not only show a discharge of the debt created by the advancement of money on the part of Jones, but that the bill of sale was subject to a parol condition, which, we have already decided, cannot be done in a court of law.

As this point is conclusive of the case, in a court of law, upon the facts before us, it is unnecessary to consider the other question argued at the bar.

The judgment of the court below is reversed, and the cause remanded.

RICE, C. J.—I dissent from the opinion of my brethren in this case. The bill of sale shows, that the legal title was conveyed to the grantee; but it does not show that it was not a part only of a more general agreement entered into at the time of its execution, nor that it was not to *become inoperative* on the payment of the sum of money specified in the verbal agreement made at the time

of its execution. Verbal evidence, that the bill of sale was part only of a more general agreement, and that by a verbal agreement made simultaneously with it, it was to *become inoperative* on the payment of a specified sum, does not oppose any thing in the bill of sale, but is consistent therewith. The proof of such agreement, without proof that it has actually been performed or executed, may be inadmissible, as a court of law will not give effect to it, so long as it is *executory.* But, when it has been *actually performed or executed,* verbal evidence of its terms, coupled with proof of *its actual performance or execution,* may be given in evidence in a court of law, in a suit like this, for the purpose of defeating the right asserted under the bill of sale.—3 Stark. on Ev. 1049 ; Deshazo v. Lewis, 5 Stew. & Por. 91; McNair v. Cooper, 4 Ala. Rep. 660.