[No. 4123.]
## JAMES P. TREADWELL *v.* A. HIMMELMANN.

PAYMENT OF PROMISSORY NOTE.—If one party furnishes another one thousand dollars in money, and such other gives him his note therefor, with the understanding that the payor shall procure third parties to assign to himself certain liens on land claimed by the payee, which liens the payor shall hold for the benefit of the payee, in satisfaction of the note, the agreement amounts to an accord and satisfaction, and is a payment of the note.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

Action on the following instrument:

"Borrowed and received of J. P. Treadwell, one thousand dollars, in currency, to be paid on demand.

"SAN FRANCISCO, February 7, 1868."      " A. HIMMELMANN.

The defendant, in his answer, as a special defense, set up that at the date of the instrument, the plaintiff claimed to own a lot of land in San Francisco, which was charged with two liens for assessments for improving the street in front of it, amounting to $1107.82, which liens were owned by Wilcox and Hixon, and that the defendant had claims against Wilcox and Hixon for advances made to them on the liens; and that the plaintiff had been urged to pay the assessments, and that one Bedell had commenced an action against the plaintiff, which affected the plaintiff's title to the lot, and that the plaintiff was anxious to have the lien for the assessments apparently continued against the lot, to the end that, if he should so determine, the liens might be foreclosed and a sale made thereunder, by means whereof he might strengthen his title, and was also anxious to provide for the payment of the contractors; and that it was thereupon agreed between the plaintiff and defendant that

the plaintiff should pay the defendant one thousand dollars in money, for which the defendant should execute to him the instrument sued on, and that the defendant should procure to himself an assignment of the liens, and should, within the life of the liens, if the plaintiff so elected, have the same enforced, and a sale of the lot made at the plaintiff's expense and for the plaintiff's benefit; but if the plaintiff did not so elect, the assignment of the liens was to be in full satisfaction of the instrument sued on. That the defendant procured the assignment of the liens in March, 1868, and had at all times held himself in readiness to enforce the same according to the terms of the agreement, but the plaintiff had not, at any time before the expiration of the liens, desired the defendant to enforce them, but had allowed the liens to expire.

On the trial, the defendant offered to prove the agreement set up in the answer, and admitted that it rested in parol. The defendant objected on the ground that the instrument sued on could not be varied or contradicted by parol evidence. The court below sustained the objection, and the defendant excepted. The defendant appealed from the judgment.

*William Irvine,* for the Appellant, cited *Chester et al.* v. *Bank of Kingston,* 16 N. Y. 336; *Hutchins* v. *Hobbard,* 34 N. Y. 24; *McCullough* v. *Girard,* 4 Wash. C. C. 289, 290; *McCreary* v. *McCreary,* 5 Gill & Johnson (Md.) 147–157; *Hall* v. *Maccubbin,* 6 Id. 107–110; *Potter* v. *Hopkins,* 25 Wend. 417; *Wallace* v. *Rogers,* 2 N. H. 506; *Storer* v. *Logan,* 9 Mass. 55.

*J. P. Treadwell,* the Respondent, for himself.

By the Court, CROCKETT, J.:

The evidence offered by the defendant in support of the special defense set up in the answer was improperly excluded. It did not contradict or vary the written instrument declared upon; on the contrary, the offer was to prove an executed parol agreement, in the nature of an accord and satisfaction. There is no difference in principle between this case and *Hapgood* v. *Swords* (2 Bailey S. C. 305), which was an action on a promissory note; and the defense was

that at the time of the execution of the note it was agreed by parol that if the defendant would procure a purchaser for certain land of the plaintiff at a specified price, the plaintiff would surrender the note; and the defendant procured the purchaser at the stipulated sum. The court, while admitting that a written contract cannot be contradicted or varied by parol, says: "The legal effect of this verbal agreement is, that when the defendant has performed his part of it, it shall be regarded as a payment. The note is the value put by the plaintiff upon the defendant's services in procuring a purchaser of the land at a given sum." This reasoning applies fully to the present case; and other authorities to the same effect are not wanting. (Cowen & Hill's Notes to Phil. Ev., note 945; *Bradley* v. *Bentley*, 8 Vt. 243; 5 Vt. 514; 17 Pick. 171-4; 3 Fairf. 444.)

Judgment reversed and cause remanded for a new trial. Remittitur forthwith.

Neither Mr. Chief Justice WALLACE nor Mr. Justice RHODES expressed an opinion.