[Civ. No. 2717. Third Appellate District.—February 2, 1924.]

JOHN S. SILVA, Respondent, v. J. W. GORDO et al., Appellants.

[1] PROMISSORY NOTES—DELIVERY AS SECURITY—DEFENSES—PLEADING. In an action upon a promissory note it is error to strike out defendants' answer which, although admitting the due execution of the note, sets up as a defense that the note was given as security for the faithful performance by defendants of an oral contract entered into with plaintiff and was to be returned to them upon compliance by them with the terms of said contract, that they complied with the terms of said contract and demanded the return of said note, but that plaintiff refused to surrender the same.

[2] ID.—WANT OF CONSIDERATION—PAROL EVIDENCE.—In an action by the payee against the makers of a promissory note, parol evidence is always admissible to show the consideration or want of consideration, and such testimony does not vary or alter the terms of the written contract.

APPEAL from a judgment of the Superior Court of Merced County. E. N. Rector, Judge. Reversed.

2. Admissibility of parol evidence to show that a bill or note was conditional or given for a special purpose, notes, 128 Am. St. Rep. 609; 3 Ann. Cas. 560; 6 Ann. Cas. 169; 15 Ann. Cas. 669; Ann. Cas. 1917D, 1049; 20 A. L. R. 421.

The facts are stated in the opinion of the court.

L. T. Milburn and Edward Bickmore for Appellants.

C. W. Croop for Respondent.

PLUMMER, J.—Action by plaintiff to recover the sum of one thousand dollars for and on account of a promissory note made, executed, and delivered by the defendants to the plaintiff herein. After admitting the execution and delivery of the note to plaintiff, as alleged in plaintiff's complaint, the defendants set up certain special defenses. The court, upon motion of the plaintiff, struck out the special defenses set up in the answer of the defendants. Plaintiff had judgment and defendants appeal, seeking reversal of the judgment on account of the order of the trial court striking out the special defenses contained in their answer.

The plaintiff alleges that on or about the twentieth day of October, 1921, at Mariposa, county of Mariposa, state of California, the defendants made, executed, and delivered their promissory note to the plaintiff in words and figures following, to wit:

"Mariposa, California, October 20, 1921.

"One year after date, without grace, we jointly and severally promise to pay John S. Silva, at Mariposa, California, the sum of One Thousand Dollars ($1,000.00), without interest.

"J. W. Gordo.
"Charles Holden."

This is followed by the formal allegations as to the plaintiff still being the owner and holder of said note and also that no part thereof had been paid.

The defendants' answer, admitting the execution and delivery of the note, denied that the plaintiff was the lawful owner or holder thereof and also denied that no part of said promissory note had been paid.

[1] A demurrer was sustained to the answer filed by the defendants and a second answer was filed containing in substance the same matters as hereinabove stated, and then for a further and separate defense the defendants allege that on or about the twentieth day of October, 1921,

the plaintiff was the owner of thirty-one head of cattle then in his possession, and that at said time and place plaintiff and defendants entered into a verbal agreement whereby plaintiff was to deliver said cattle to the defendants and the defendants agreed that they would feed and care for said cattle during the winter of 1921 and 1922; and that in the spring of 1922 plaintiff should have ten head of said cattle to be selected by him, and that the defendants should retain the balance as compensation for feed and services furnished by them; and that in order to secure the faithful performance of said agreement of said defendants and the return to plaintiff of the said ten head of cattle in the spring of 1922, plaintiff and defendants agreed that defendants should give to plaintiff their promissory note in the sum of one thousand dollars, payable one year after date. Defendants made, executed, and delivered to plaintiff their certain promissory note as set forth in plaintiff's complaint; that said note was given by defendants and received by plaintiff as security only for the faithful performance of said agreement; that plaintiff agreed that upon the return of said ten head of cattle in the spring of 1922 he would return said promissory note to defendants; that defendants performed all of said agreement by them to be kept and performed, did care for, and feed all of said stock during the said winter, and did on or about the said twenty-eighth day of April, 1922, notify plaintiff to select the ten head of cattle theretofore delivered to defendants and did demand of plaintiff that he return to them the said promissory note; that plaintiff has refused and neglected to select the said ten head of cattle and refused and neglected to return to defendants their certain promissory note; that defendants have at all times been ready, willing, and able to carry out the terms of said agreement, but the plaintiff has refused to accept, select, and choose ten head of cattle and to surrender said promissory note. This portion of the defendants' answer was stricken out upon motion as hereinbefore stated. Upon the trial plaintiff made proof of the execution and delivery of the note and nonpayment, etc., and the defendants, introducing no evidence, the court, findings being waived, entered judgment for the plaintiff in the sum of one thousand dollars.

As authority for reversal the appellants cite a number of cases holding in substance as follows, that: "As to the original parties to an instrument nothing is better settled than that the maker may show an original lack of consideration, or subsequent failure of consideration. And it is equally well settled that such lack or failure of consideration may be shown by parol." (*Muir* v. *Hamilton,* 152 Cal. 634 [93 Pac. 857]; *Griswold* v. *Frame,* 48 Cal. App. 178 [191 Pac. 962].) This latter case goes a trifle further and holds that: "It is always permissible, however, to show the want of consideration for the making of a contract, or that the contract has been discharged by direct payment, accord and satisfaction. . . . " Cases are also cited by the appellants to the effect that parol evidence is admissible to show that a promissory note was delivered merely as security for the performance of the collateral oral agreement and that it has been discharged by the performance of such agreement. (*Oakland Cemetery Assn.* v. *Lakings,* 126 Iowa, 121 [3 Ann. Cas. 559, 101 N. W. 778].)

In the case of *Howard* v. *Stratton,* 64 Cal. 487 [2 Pac. 263], in an action upon a promissory note where it was sought by parol evidence to show that it was given to secure the performance of an agreement whereby the payee conveyed certain lands to the maker in consideration that the latter should support him during the residue of his life, and that the defendant had performed the conditions of the agreement, the court held the exclusion of such evidence to be error and in so doing used the following language: "The admission of such evidence would not violate the rule which forbids the introduction of parol evidence to contradict or vary a written contract. If the notes were given to secure the execution by Stratton of a promise to support and take care of Tyson, and that the promise was fulfilled, the notes were discharged, and parol evidence is admissible to prove that a written agreement has been totally discharged. There is nothing in this which tends to contradict or vary a written contract."

In *Treadwell* v. *Himmelmann,* 50 Cal. 9, where the defendant executed a promissory note in favor of the plaintiff with the understanding that he should procure certain parties to assign to himself liens on land claimed by the plaintiff, which liens the defendant should hold for the benefit of the

plaintiff in satisfaction of the note, it was held that the securing of said liens by the defendant and the holding of himself ready to turn them over to the plaintiff amounted to an accord and satisfaction and that his so doing should be regarded as payment. The court excluded evidence of such parol agreement. This was held error.

"The evidence offered by the defendant in support of the special defense set up in the answer was improperly excluded. It did not contradict or vary the written instrument declared upon; on the contrary, the offer was to prove an executed parol agreement, in the nature of an accord and satisfaction. There is no difference in principle between this case and *Hapgood* v. *Swords*, 2 Bail. (S. C.) 305, which was an action on a promissory note; and the defense was that at the time of the execution of the note it was agreed by parol that if the defendant would procure a purchaser for certain land of the plaintiff at a specified price, the plaintiff would surrender the note; and the defendant procured the purchaser at the stipulated sum. The court, while admitting that a written contract cannot be contradicted or varied by parol, says: 'The legal effect of this verbal agreement is, that when the defendant has performed his part of it, it shall be regarded as a payment. The note is the value put by the plaintiff upon the defendant's services in procuring a purchaser of the land at a given sum.' This reasoning applies fully to the present case; and other authorities to the same effect are not wanting. (Cowen & Hill's Notes to Phil. Ev., note 945; *Bradley* v. *Bentley*, 8 Vt. 243; *Farnham* v. *Ingham*, 5 Vt. 514; *Crosman* v. *Fuller*, 17 Pick. (Mass.) 171–174; *Low* v. *Treadwell*, 3 Fairf. (Me.) 444.)"

These cases are affirmed in the case of *Schultz* v. *Noble*, 77 Cal. 81 [19 Pac. 182].

Subdivision b of section 3097 of the Civil Code, relating to negotiable instruments, reads as follows: "As between immediate parties, and as regards a remote party other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or indorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and

not for the purpose of transferring the property in the instrument."

Under this provision in the negotiable instruments law it is held by a long list of authorities that parol is admissible to show, " . . . that a bill or note, regular in form, was manually delivered to the payee upon the condition that it was to become an enforceable obligation only upon the happening of a certain event." (Note No. 4, part 2, appended to the case of *Vincent* v. *Russell*, 20 A. L. R. 442.)

Under similar circumstances it is held that: "Evidence that the instrument was delivered conditionally does not contradict the writing within the meaning of the parol evidence rule; that rule presupposes the existence of a valid contract. The evidence in question is for the purpose of showing that there is no valid contract between the parties, because there is no finality of utterance." (See note to *Vincent* v. *Russell, supra,* p. 430.)

Under a negotiable instruments law reading precisely as the subdivision which we have quoted from section 3097 of the Civil Code, the supreme court of Colorado, in *Sayre* v. *Leonard,* 57 Colo. 116 [140 Pac. 196], has held that such conditional delivery may be shown and also that the purposes for which the instrument is executed may be shown by parol testimony, citing also a number of cases following the same rule. See, also, *Divine* v. *Western Slope Fruit Growers' Assn.,* 27 Colo. App. 368 [149 Pac. 841], where the subject of the delivery of a negotiable instrument for a special purpose is considered and the authorities cited that parol evidence is admissible to prove such special purpose.

The facts held sufficient to establish conditional delivery in the cases heretofore cited dealing with that subject are no stronger than the allegations contained in the defendants' amended answer. No California case has been called to our attention where the subdivision of section 3097 of the Civil Code above quoted has been construed or passing upon the question of how the condition may be established; however, there are some California cases bearing upon the subject decided before the enactment of the present negotiable instruments law. In the case of *Jefferson* v. *Hewitt,* 103 Cal. 625 [37 Pac. 638], in an action to collect the amount of a note given in payment for a stock subscription

where there was an oral agreement as to paying for the stock, etc., the court held: "It is not necessary that a condition as to the payment of a note, in order to be valid, should be incorporated in the note, but if there is an oral agreement that the note is not to be paid unless a railroad is constructed before its maturity, in consideration of the note, upon failure of the construction of the road as agreed, there is a failure of consideration for the note." Such agreement may be established by parol testimony. To the same effect is the case of *Billings* v. *Everett*, 52 Cal. 661.

There is also a distinction between a conditional delivery or a delivery for a particular purpose and a conditional promise. In the case of *Leonard* v. *Miner*, 120 Cal. 403, the court on page 406 [52 Pac. 655, 656] says: "Evidence of a contemporary oral agreement between the parties to a bill or note, whereby the order or promise contained in the instrument is rendered null or conditional, or whereby the fact of payment is made to depend upon some contingent future event, comes within the same principle." (The rule excluding parol testimony to vary the terms of a written instrument.) It is then said: "These remarks have no application to cases where the consideration of a promissory note is the subject of inquiry, or to cases of fraud or mistake."

[2] The consideration for the note in this action is one of the matters sought to be presented by that portion of the defendants' amended answer stricken out by the trial court and it is held by an almost unbroken line of authorities that parol testimony is always admissible to show the consideration or want of consideration and that such testimony does not vary or alter the terms of the written contract.

The delivery of the note in question is admitted by the defendants' answer but the special defense immediately set up therein is sufficient to present to the trial court for consideration, whether such delivery was merely a manual tradition of the instrument and not an absolute and unconditional transfer of the title and property. We know of no way in which this subject can be presented to the court, unless it be by testimony outside of the written words of the instrument itself.

We do not need to hold, however, in this case for the purpose of the decision herein that the negotiable instruments law has made any change as to the admission of testimony showing conditional delivery or delivery for a particular purpose because the California cases which we have heretofore cited satisfactorily show that the facts and circumstances sought to be presented to the trial court, under the allegations contained in the defendants' amended answer, were proper to be presented and taken under consideration by the trial court on the question of whether the note had not been fully discharged and paid by reason of the defendants' having complied with their part of the oral agreement therein set forth.

In this case we are passing simply upon the pleadings and expressing no opinion upon the facts.

For the reasons herein stated the judgment of the trial court will be, and the same is hereby, ordered reversed, with directions to deny the plaintiff's motion to strike out the portion of the defendants' amended answer setting up the special defenses which we have hereinabove considered.

Finch, P. J., and Young, J., *pro tem.*, concurred.