*DANIEL RICH, APPELLANT, v. HAMLET DAVIS [22] AND J. T. HURST, RESPONDENTS.

[1]PARTNERSHIP—LIABILITY ON NOTE.—When a partner makes a note in the name of the partnership, it will render all the partners liable to a *bona fide* holder, although it has no relation to the partnership business, and the other partners were wholly ignorant of the transaction, and were even intentionally defrauded by their partner.

APPEAL from the Tenth Judicial District.

The plaintiff sued upon two promissory notes, one for $500 and the other for $900, signed by the defendant Hurst, in the partnership name of Davis & Hurst, in favor of Nathaniel Smith, and by him indorsed to plaintiff. The defendant Davis, plead in defense to the action, that Hurst had given the notes for his own individual transactions, without the knowledge, authority or consent of Davis, and also that Hurst had paid for the plaintiff, at his request, more than the amount of the notes.

The cause was tried by the Court, the parties waiving a jury trial. The Court found that the consideration of the notes was for money borrowed by Hurst individually, and not for the use or on account of the firm of Davis & Hurst, and without the knowledge or consent of Davis, and the

[1]Affirmed in same case, 6 Cal. 142.

signing of the notes in the name of the firm was intended by Smith and Hurst as surety, of which Davis knew nothing.

That the notes were assigned by Smith to plaintiff.

That Hurst had paid various sums of money on account of Rich, amounting to $2,651 84, but that there was other and further indebtedness from Hurst to Rich.

Upon these facts the Court gave judgment for the defendant, and plaintiff appealed.

*McConnell & Stewart.* for Appellant.

*L. Sawyer,* for Respondents.

Mr. Justice HEYDENFELDT delivered the opinion of the Court. Mr. Ch. J. MURRAY concurred.

The principle has been long settled that, when a [23] partner *makes a note in the name of the partnership, it will render all the partners liable to a *bona fide* holder, although it has no relation to the partnership business, and the other partners were wholly ignorant of the transaction, and were even intentionally defrauded by their partner. (See Chitty on Bills; Story on Prom. Notes; Story on Part.; 3 Kent.)

It is said that one of the notes here sued on was indorsed to the plaintiff after its maturity, and that this appears, by a copy of the note annexed to the declaration, as an exhibit. It is not so described in the declaration, and if the exhibit was not the result of mistake, the original should have been rejected, when offered in evidence, as not conforming to the description in the declaration. However this may be, a new trial must be awarded, on account of the improper conclusions of law upon which the District Judge decided the case. Upon another trial, the defendant will have the opportunity of showing whether the plaintiffs took the notes, or either of them, after maturity; for, in that event, they would be clearly subject to all equities subsisting between the maker and payee.

The judgment is reversed, and cause remanded.