[No. 7,003—Department No. 2.]

## SMITH v. SILSBY ET AL.

PROMISSORY NOTE—FRAUD—ASSIGNEE—CONFLICT OF EVIDENCE—FINDINGS.

APPEAL from a judgment for the defendants, and from an order denying a new trial, in the Tenth District Court, County of Colusa. KEYSER, J.

*Belcher & Belcher, W. F. Goad,* and *H. M. Alberry,* for Appellants.

*Grey & Gale,* and *A. L. Hart,* for Respondents.

MORRISON, C. J.:

This is an action on a promissory note executed by respondents Blodgett, and Stockwell, and W. H. Silsby, to one Tapscott, and by Tapscott assigned to the plaintiff. The execution of the note is admitted, but the answer sets up fraud in procuring its execution.

Silsby & Co. were indebted to Tapscott, and through the joint agency and influence of debtors and creditors, the defendants Blodgett and Stockwell were induced to sign the note as sureties for the principal debtors, Silsby & Co.

It appears from the evidence that the note sued on was made for the sole use and benefit of Silsby & Co., they receiving the entire consideration, and that the defendants Stockwell and Blodgett signed the note as sureties only, and that, to secure them against loss, Silsby & Co. executed to them a second mortgage on certain lands in Colusa County.

The answer avers that Tapscott and Silsby falsely and fraudulently represented to Stockwell and Blodgett that the land upon which they took a second mortgage as security was incumbered to ·the amount of only nine dollars and fifty cents per acre, and that Tapscott and Silsby well knew at the time they made such false and fraudulent representations that it was mortgaged to the amount of twenty-two dollars per acre, its full value. The Court found that fraudulent representations of the character set up in the answer were made by Tapscott and Sils-

by, and in our opinion the evidence in the case fully justified such finding. It results, therefore, that the defendants had a good defense to the note in the hands of Tapscott.

It is claimed, however, that the plaintiff Smith was a *bona fide* holder of the note for value, and that he took it by assignment before its maturity. As to this issue, the Court also found in favor of the defendants. We have carefully examined the evidence in the case and find it very conflicting. The statements of Tapscott are in many material particulars in conflict with the evidence of the plaintiff Smith, as to the date and circumstances connected with the assignment and possession of the note; and in addition to this we find that Tapscott stated in the presence of the witness Coover and others, that he had assigned the note to one Frank Goad, and also that the plaintiff Smith stated in the presence and hearing of the witness Oates, that "he had nothing to do with the note, and did not want anything to do with it." There are other circumstances in the case of a character tending to impeach the *bona fides* of the assignment of the note in question. The plaintiff Smith, and Tapscot the payee of the note, were closely related by affinity; the note was in the possession and under the control of Tapscott long after the pretended assignment; the note was indorsed by Tapscott, and his signature was afterward erased. Tapscott handed the note to the notary Robinson for protest without mentioning the name of Smith (a fact sworn to by Robinson but denied by Tapscott); and we have the still more significant fact testified to by the plaintiff himself, that when Tapscott told him he had the note, Smith remarked: "You will be fooled with that note, the same as you were with those other fellows' notes. These big farmers are bursting up all the time."

Why did he purchase the note and pay full value therefor, as he pretends to have done, under such circumstances? It is not our purpose or duty herein to go into a full analysis of the evidence for the purpose of determining upon which side of the case there was a preponderance of evidence, for it is sufficient for us to know that there was a substantial conflict in the evidence. The rule is well settled by numerous cases, that this Court will not interfere with the judgments of the Court below in cases in which there was a substantial conflict in the evidence.

We find in the transcript sufficient evidence to justify the conclusions arrived at by the learned Judge who tried the case, that the note sued on was obtained by fraud, and that the plaintiff was not a *bona fide* holder for value.

Judgment and order affirmed.

MYRICK, J., and SHARPSTEIN, J., concurred.