[No. 8,300. Department One.—July 26, 1884.]

## THE BANK OF STOCKTON, APPELLANT, v. JOHN W. JONES, RESPONDENT.

PROMISSORY NOTE—ASSIGNMENT AFTER MATURITY—RIGHTS OF ASSIGNEE—LIABILITY OF MAKER.—A promissory note assigned after maturity is discharged by payment to the payee before notice to the maker of the assignment.

APPEAL from a judgment of the Superior Court of San Joaquin County.

The facts are stated in the opinion of the court.

*Stanton L. Carter,* and *Byers & Elliott,* for Appellant.

*F. T. Baldwin,* and *J. C. Campbell,* for Respondent.

Ross, J.—There was testimony tending to show that the note the defendant executed to Owens & Moore was by that firm assigned after maturity to the plaintiff, as collateral security for the payment of a note of Owens & Moore, and of certain overdrafts of theirs. Subsequently another member was admitted into the firm of Owens & Moore, after which the firm transacted its business under the name of Owens, Moore & Co. The overdraft account with the plaintiff was, as expressed by the cashier of the plaintiff, "continued right along under the name of Owens, Moore & Co.," and the note of Owens & Moore, for which the note of the defendant was in part held as collateral, was taken up, and a note of Owens, Moore & Co. substituted in its place. Subsequently, and without any notice of the assignment of his note, the defendant paid the full amount due upon it to Owens, Moore & Co. Williams, the book-keeper for Owens & Moore, as well as for Owens, Moore & Co., testified: "I took the money to the bank (plaintiff) and paid one thousand dollars of it to the bank, and directed it to be credited on this note in suit, which the bank then held, and the balance of one thousand and eighty dollars I deposited in the bank to the credit of Owens, Moore & Co., on open account, and afterwards drew the money out on checks. The one thousand dollars was credited on the note as I directed."

The present action is upon the note, notwithstanding defendant's payment. The jury was justified in finding that the

payment by defendant was to Owens & Moore, the payees of the note; and having been made to them before notice of the assignment to the plaintiff, defendant is protected by virtue of section 368 of the Code of Civil Procedure, which reads: "In the case of an assignment of a thing in action, the action by the assignee is without prejudice to any set-off or other defense existing at the time of, or before notice of, the assignment; but this section does not apply to a negotiable promissory note or bill of exchange, transferred in good faith and upon good consideration, before maturity."

Judgment affirmed.

McKinstry, J.. and McKee, J., concurred.