[No. 11521. In Bank. — December 29, 1886.]

J. H. BRALY, RESPONDENT, *v.* S. W. HENRY, APPELLANT.

PROMISSORY NOTE — ACTION ON — WANT OF CONSIDERATION — PARTIAL FAILURE OF. — In an action on a promissory note brought by the original payee, or by an indorser with notice or after maturity, against the maker, the total want of consideration for the note is a complete defense, and the partial failure of the consideration is a defense *pro tanto*.

ID. — EVIDENCE SHOWING PARTIAL FAILURE OF CONSIDERATION. — The action was brought by an indorsee before maturity on a promissory note which had been given by the defendant in payment of certain hay purchased by him from the original payees. On the trial, the defendant offered to show that at the time of the execution of the note the parties thereto, not knowing the exact quantity of the hay, agreed that if it fell short of the quantity estimated to have been sold, a corresponding credit should be given on the note. The defendant further offered to show that the hay did fall short of the estimated quantity, and that the plaintiff had notice of these facts before the indorsement. *Held*, that the evidence was admissible to show a partial failure of the consideration for the note.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order refusing a new trial.

The facts are stated in the opinion, and in the opinion of Department One.

*Grady & Merriam*, and *E. E. Calhoun*, for Appellant.

*Nourse & Church*, for Respondent.

SEARLS, C.—This is an action upon a joint and several promissory note made by defendant and one W. E. Henry, on the twenty-sixth day of October, 1883, for $1,364, and interest at twelve per cent per annum, payable four months after date to T. E. Hughes or order, and averred to have been indorsed to plaintiff before maturity, and upon which there is claimed to be due the sum of $321.15, and interest thereon at twelve per cent per annum from November 24, 1884.

Plaintiff had a verdict and judgment as prayed for in his complaint, from which judgment and from an order denying a new trial, defendant appeals.

The cause was decided by Department One of this court in an opinion reversing the judgment and order appealed from. On petition of respondent, a reargument was ordered in Bank, and the cause again comes up for consideration.

The facts essential to an understanding of the question involved are set out in the former opinion, and need not be reproduced here.

Upon a review of the record in the light of the scrutiny invoked by the proceedings had in the cause subsequent to the decision referred to, we see no just cause to doubt the soundness of the views expressed in the opinion, or for changing the conclusion reached therein.

It is true that as a general rule, parol evidence is not admissible to control, contradict, or vary a written instrument.

It is equally true that there are certain legal presumptions indulged in favor of negotiable paper, with a view to facilitate its use and negotiation in commercial transactions, among which are:—

1. That until the contrary appears, every negotiable bill or note is presumed to be founded upon sufficient legal consideration.

2. That the holder and possessor of a bill or note is the true owner.

3. That paper properly indorsed was so indorsed before due.

4. That the holder of a bill or note took it in the usual course of business, before maturity, for value.

5. That the maker of the note is the primary debtor, and that the acceptor of a bill of exchange is primarily liable thereon.

These and other presumptions, indulged by the process of artificial reasoning known as conclusions of law, and formulated for the advantage of commercial interests and intercourse, are not conclusive, but are liable to be rebutted by parol evidence that the facts are different from what the law in their absence presumes.

The burden of proof in such cases is upon the party who wishes to rebut the presumption.

It is not received to contradict or vary the instrument, but to repel the presumptions of law which, in the absence of such proof, arise in its favor.

As between the original parties to a promissory note, or as to one taking it with notice of the facts, or after maturity, a consideration is as essential to its validity as in case of other contracts.

The maker may, as to such parties, defeat the note *in toto* by showing there was no consideration whatever, or by showing that there was only a partial consideration may *pro tanto* defeat a recovery. (Story on Promissory Notes, sec. 187.)

In making proof of the want of consideration in such cases, the maker of the instrument, in effect, says that he made the instrument, but that the presumed legal effect does not follow, because it lacked the consideration essential to uphold all contracts, whether verbal or in writing. It no more changes the contract than does proof of payment or any other defense which admits its execution and avoids its legal effect.

A want of consideration must not be confounded with

mere *inadequacy* of consideration. The latter cannot be set up to defeat a note.

To illustrate: A sells to B ten horses at one hundred dollars each, and takes his note. B cannot, in an action on the note by the payee, in the absence of fraud, show the horses to have been worth less than the agreed price, and thus abridge the recovery, as it would only establish an inadequacy of consideration, but he may show that none of the horses were delivered, and thus defeat the recovery, or he may show that five only of ten horses were delivered, and defeat a recovery *pro tanto.*

Apply the doctrine to the present case. Defendant, according to the testimony offered, purchased a given number of tons of hay, at a given price per ton, and gave his note for the amount; the quantity when weighed proved to be less by a number of tons, which, multiplied by the price per ton, equaled $321.15.

If the proffered evidence stopped here, defendant, as against the plaintiff (if the latter took with notice), would have been entitled to a proportionate reduction upon the sum called for by the note; and we are unable to see how defendant's rights are abridged by the fact that the parties, not knowing the quantity of hay, agreed that if it fell short of the estimated or supposed quantity, a corresponding credit should be given on the note.

We are of opinion the judgment of reversal heretofore entered should stand as the judgment in the case.

Foote, C., and Belcher, C. C., concurred.

The Court.— For the reasons given in the foregoing opinion, and in the opinion of Department One, the judgment and order are reversed, and cause remanded for a new trial.

The following is the opinion of Department One above referred to, rendered on the 27th of May, 1887.

McKINSTRY, J.—The appeal is by the defendant. In
his answer the defendant averred: "Defendant alleges
that said note was made in consideration of hay pur-
chased of said T. E. Hughes by the defendant; that said
Braly was, at the time of such purchase, interested with
said T. E. Hughes in said hay, and part owner thereof,
and was and is interested in the transaction of which
said note forms a part, and is not an innocent purchaser,
before maturity, for value of said note; that at the time
said note was given the quantity of hay purchased by
the defendant, as aforesaid, was not known by any of the
parties, but was by plaintiff estimated to be of the value
of said note, and said note was given under an agree-
ment between the parties to said transactions, at the
time said note was given, that if said hay, when the
number of tons should be ascertained, should not amount
in value to the face of said note, at a fixed price per ton,
that then a rebate and credit would be made in favor of
defendant herein, of the difference between the actual
value of the hay, ascertained as aforesaid, and the face
of said note; that the quantity and value of said hay was
ascertained in accordance with said agreement to be
$321.15 less than the face of said note."

The defendant offered evidence of the facts alleged in
the answer, which the court below refused to admit, and,
in effect, charged the jury to find for the plaintiff. In
*Carter* v. *Hamilton*, Seld. Notes, 251, the Court of Appeals
of New York held that where there was a sale of a field
of wheat called 105 acres, but sold subject to measure-
ment, for which the purchaser gave his note, estimating
it at 105 acres, and the measurement fell short, the pur-
chaser had a clear right to deduct for the deficiency, on
the ground of the failure *pro tanto* of the consideration of
the note. We think the defendant here should have
been allowed to prove the oral contract alleged in the
answer. The evidence, if admitted, would not have

varied or contradicted the terms of the writing as expressed in the promissory note.

The defendant does not deny in his answer that he made just such a contract as that on which the plaintiff seeks to recover, but alleges that the assignor of plaintiff at the same time entered into an engagement on his part which was subsequently broken. For his damage arising from a breach of the contract of the vendor of the hay the defendant is entitled to recoup in an action brought upon his note. In *Batterman* v. *Pierce*, 3 Hill, 171, it was held, a promissory note having been given on sale of wood, that, in an action on the note, the payor was authorized to prove a verbal contemporaneous agreement of the payee (seller of the wood), that if the wood was burned by his setting fire to his fallow, he would guarantee the purchaser against any damages the consequence of the firing of his fallow. In *Johnson* v. *Oppenheim*, 55 N. Y. 280–293, the cases of *Morgan* v. *Griffith*, L. R. 6 Ex. 70, and *Erskine* v. *Adeane*, 8 Ch. App. 756, were said to be within the rule which allows a "collateral agreement made prior to or contemporaneous with a written agreement, but not inconsistent with or affecting its terms, to be given in evidence." The question is very fully gone into in *Chapin* v. *Dobson*, 78 N. Y. 74. The plaintiff had sold to the defendants certain machines, being "breaker feeders." A contract was reduced to writing and signed by both parties. By its terms the plaintiffs agreed to sell the machines of certain sizes, and the writing contained a clause: "Terms, cash on delivery, five per cent commission to be allowed on each machine; five sixty-inch and four forty-eight-inch to be delivered as soon as possible, the balance in thirty days thereafter." The amended answer of the defendant set forth a parol guaranty to the effect that the machines should be so made that they would do the defendant's work well and satisfactorily, or that, in case of failure, they should be taken back, and not paid for. The answer also averred

that the machines were so badly constructed that they could not be made to do the defendant's work well or satisfactorily. There was evidence on the part of the defendant to sustain the averments. The court held that the facts alleged and proved constituted a defense, and that the oral agreement did not contradict or vary the written contract.

In the case at bar there is nothing to indicate that the promissory note was intended to express the whole contract of the parties. The entire contract, as alleged in the answer, was that the vendor should deliver the stack of hay, estimated to contain a certain number of tons; that the vendee should give his note for the amount to which the hay would come, assuming the estimate to be correct; but the vendor agreed that if the hay should fall short he would give the vendee credit, or release him from the payment of a proportionable sum. If all the promises of the parties had rested in parol; if the vendee had agreed orally to pay a certain sum at a certain time if the hay should be in quantity as estimated, but should pay ratably less if there should be a deficiency,— he could not be compelled to pay the whole sum named if the quantity did not hold out. And so, if the whole contract of both parties had been reduced to writing. "Nor [as was said in *Batterman* v. *Pierce, supra*] can it make any substantial difference that the undertaking of one party has been reduced to writing while the engagement of the other party remains in parol."

Judgment and order reversed, and cause remanded for a new trial.