BRALY v. HENRY.*

No. 12,402; June 25, 1888.

18 Pac. 798.

Negotiable Instruments—Bona Fide Holder—Evidence.—In an action on a note, where the question is whether or not plaintiff is an innocent holder for value, interrogatories whose evident purpose is to show that plaintiff took the note with notice of a partial failure of consideration, it having been held on a former appeal of the case that such partial failure of consideration was a defense pro tanto, are allowable, although defendant is precluded from questioning plaintiff's ownership of the note by the fact that the pleadings admit that it was indorsed and delivered to him.

---

*For subsequent opinion in bank, see 77 Cal. 324, 19 Pac. 329.

**Appeal—Record—Notice of New Trial.**—An order of the trial court denying a motion for new trial, which forms part of the record on appeal, and recites that notice of such motion was given, sufficiently shows that there was such notice.

APPEAL from Superior Court, Fresno County; J. B. Campbell, Judge.

Action on a promissory note by J. H. Braly against S. W. Henry. Judgment for plaintiff, and defendant appeals, after denial of his motion for new trial. For former appeal, see 11 Pac. 385. For affirmance of the decision on that appeal, on rehearing, see 12 Pac. 623.

W. D. Grady and Goucher & Geis for appellant; George A. Nourse for respondent.

FOOTE, C.—Upon the former appeal it was held that the partial failure of consideration was a defense pro tanto: 71 Cal. 481, 60 Am. Rep. 543, 11 Pac. 385. When the case went back for trial, one of the principal questions was whether the plaintiff had purchased the note with notice of the partial failure of consideration, or, in other words, whether he was an innocent holder for value. On the retrial the plaintiff, on cross-examination, was asked whether he purchased the note, which question was objected to and excluded. He was also asked the following question: "Do you know anything about the consideration for which this note was given?" which question was objected to and excluded. He was also asked the following: "You knew all about the facts of this note having been executed for a stack of hay, at the time it was transferred to you, did you not?" which question was objected to and excluded. He was also asked the following: "You were a party in interest to the contract for the sale of the hay for which the note was executed, were you not?" which question was excluded on objection. He was also asked the following: "At the time the note was given, did you know what it was given for?" which question was excluded on objection. We think that the court committed error in not allowing the questions to be propounded to the witness and answered. It is evident that under the pleadings it was admitted that the note in controversy was indorsed and deliv-

ered to the plaintiff, and that, therefore, the defendant could not be allowed to show by evidence that plaintiff was not the owner of the note. Nevertheless, whether he was or not a purchaser for value, or took it with notice of the partial failure of consideration, which it was the evident purpose of the defendant to elicit by his questions put to the plaintiff, was a material matter to the defendant's defense, and should have been allowed to be shown. While the interrogatories were not skillfully framed, yet their purpose is manifest, and they should have been allowed to be put. The order denying the motion for a new trial is part of the record on appeal, and this order recites that a notice of intention had been given. This sufficiently showed that there was such notice. We think the judgment and order appealed from should be reversed, and the cause remanded for a new trial.

I concur: Hayne, C.

Belcher, C. C., did not take part in this opinion.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order are reversed and cause remanded for a new trial.