[No. 12719.  In Bank. — December 26, 1888.]

J. C. BEDELL, RESPONDENT, v. A. HERRING, AP-
PELLANT.

NEGOTIABLE PAPER — RIGHTS OF BONA FIDE INDORSEE BEFORE MATURITY —
DEFENSE OF FRAUD. — The maker of a negotiable promissory note cannot,
as against a *bona fide* indorsee for value before maturity without notice,
sustain a defense that the note was procured by fraud, and that owing
to the false representations of the payee, the note was signed under the
belief that it was a mere memorandum of agency, and without knowing
its contents, because the maker could not read or write the English lan-
guage.

ID. — NEGLIGENCE. — When one by his carelessness and undue confidence
has enabled another to obtain the money of an innocent third person, he
must answer for the loss he has thus caused. The signing of a note
voluntarily by one who cannot read or write the English language, under
a false representation of the payee as to its contents, is intrinsically
careless, and as between the signer of such note and an indorsee for
value before maturity the former must bear the loss.

APPEAL from a judgment of the Superior Court of
Sutter County.

The facts are stated in the opinion of the court.

*M. E. Sanborn*, for Appellant.

*John T. Harrington*, for Respondent.

McFARLAND, J.— This is an action upon a promissory
note for five hundred dollars, made by defendant, pay-
able to the order of E. Jones, due in six months, and
by the latter indorsed and delivered to plaintiff before
maturity. Judgment went for plaintiff, and defendant
appeals. The appeal is from the judgment, and upon
the judgment roll alone. The defense relied on was,
that said payee Jones procured defendant to sign the
note by falsely and fraudulently representing that it was
not a note, but a mere memorandum about a certain
agency.

It appears from the findings that at the time defend-
ant signed the note the said Jones and one Moss falsely

represented to him that it was not a promissory note, or any contract for the payment of money, but was merely a writing by which he signified his willingness to act as agent for the sale of a certain patent hay-fork. Defendant could not read or write the English language, except that he could sign his name. He signed the note without knowing its contents, and believed the said representations of said Jones and Moss. Plaintiff purchased the note for four hundred dollars, before its maturity, and had no notice or knowledge that it was procured as aforesaid, or of anything that affected its validity as between the original parties. It is also found that "plaintiff is the indorsee of said note in due course," and that "defendant signed said note voluntarily, and without exercising the ordinary care in regard to the character of the paper signed which a prudent business man would and should exercise."

The defense set up cannot be maintained; and the judgment of the superior court was right. It is found by the court (fully enough, we think) that the defendant, in signing the note, did not exercise ordinary care. Indeed, the act of signing the paper, as shown in the findings (and there is no evidence here), was itself intrinsically careless. Therefore, leaving other aspects of the case out of view, it is clear that the judgment was right upon the principle that when one by his carelessness and undue confidence has enabled another to obtain the money of an innocent third person, he must answer for the loss which he has thus caused.

2. It is not necessary here to pass definitely upon the broader question discussed in the briefs, whether or not payment of a negotiable note in the hands of an innocent indorsee, who received it before maturity, can be avoided, *under any circumstances*, on the ground that it was procured by fraud. It is apparent that to apply to such an instrument the principles which establish the essentials of an ordinary contract as between the origi-

nal parties,— as, for instance, that there must be consent of the parties and a sufficient consideration; that where there was no intention to sign there was, in law, no signature; that fraud vitiates a contract *ab initio*, etc.,— would be to undermine the whole structure of commercial law, and "shake paper credit to its foundation." The former decisions of this court seem to be in the direction of holding that in such a case payment cannot be avoided for fraud in the original procurement of the note. (*Mitchell* v. *Hackett*, 14 Cal. 666; *Hellmann* v. *Potter*, 6 Cal. 14; *Rich* v. *Davis*, 4 Cal. 22; *Haight* v. *Joice*, 2 Cal. 65; 56 Am. Dec. 311; *Rich* v. *Davis*, 6 Cal. 141; *Meyer* v. *Porter*, 65 Cal. 67; *Fuller* v. *Hutchings*, 10 Cal. 523; 70 Am. Dec. 746; *Poorman* v. *Mills & Co.*, 39 Cal. 345; 2 Am. Rep. 451; *Smith* v. *Silsby*, 55 Cal. 470.) In *Shepherd* v. *Jones*, 71 Cal. 225, it does not appear that the note there involved was negotiable or transferred before maturity; and there is no discussion in the opinion of the general question here under consideration. In Indiana a great many cases arose similar in their facts to those of the case at bar; and it was uniformly held there that the defense set up could not be maintained. The current of American authorities seems to be in the same direction.

Judgment affirmed.

SEARLS, C. J., SHARPSTEIN, J., and PATERSON, J., concurred.

THORNTON, J., concurring.—I concur in the judgment on the ground that the defense here urged cannot be made against plaintiff, who is an innocent purchaser before maturity of the negotiable note in suit.