[Sac. No. 1246.   Department Two—January 20, 1908.]

WILLIAM MUIR, Respondent, v. GEORGE W. HAMIL-
TON et al., Appellants.

NEGOTIABLE INSTRUMENTS—WANT OR FAILURE OF CONSIDERATION—EVI-
DENCE.—As between the original parties to a negotiable instrument,
the maker may show an original lack of consideration, or subsequent
failure of consideration, and such lack or failure of consideration
may be shown by parol.

ID.—DEED GIVEN AS SECURITY—QUIETING TITLE—CANCELLATION.—As
between the original parties, the grantor in a deed given to secure
the payment of promissory notes, the consideration of which has
failed, may maintain an action to quiet his title to the premises
conveyed, and for the cancellation of the deed.

APPEAL from a judgment of the Superior Court of Placer
County and from an order refusing a new trial.  Albert G.
Burnett, Judge.

The facts are stated in the opinion of the court.

J. M. Fulweiler, Chas. Tuttle, L. L. Chamberlain, and
George W. Hamilton, for Appellants.

W. H. Slade, J. D. Meredith and F. P. Tuttle, for Re-
spondent.

HENSHAW, J.—Plaintiff brought his action to quiet title
to certain parcels of land situated in the county of Placer.
The gravamen of the action rests upon the following facts
which plaintiff alleges, and which the court found upon ample
testimony to be true.  In the year 1897 plaintiff was engaged,
as plaintiff, in a certain litigation with F. P. Tuttle.  He
employed the defendants, father and son, who were attorneys
at law, to prosecute on his behalf this litigation, under an
agreement that the defendants were to devote their time and
legal services to the prosecution of the action, and in the
event that its final determination  should be in favor of
plaintiff, defendants should receive as compensation for their
services the sum of five thousand five hundred dollars, of
which sum the defendant George W. Hamilton was to receive

two thousand five hundred dollars, and the defendant Joe
Hamilton was to receive three thousand dollars. In the event,
however, that the action was determined adversely to plaintiff,
defendants were to receive no compensation whatever. For
the purpose of securing this contingent obligation plaintiff
executed and delivered to the defendant Joe Hamilton his
promissory note for three thousand dollars, and to the defend-
ant George W. Hamilton his promissory note for two thousand
five hundred dollars. Furthermore, for the sole purpose of
securing the payment of this contingent fee, so evidenced by
the promissory notes, plaintiff executed a deed of all the
property here in controversy to defendant George W. Ham-
ilton. At the time it was agreed that this deed should be
deposited by way of escrow with the defendant Joe Hamilton,
and the defendant Joe Hamilton would hold the same in
escrow until the final determination of the action of Muir v.
Tuttle. In the event that the action of Muir v. Tuttle was
finally decided in favor of plaintiff, Joe Hamilton was to
deliver the deed to the defendant George W. Hamilton, who,
under these circumstances would take the same as security
for the contingent fees. But in the event that the action of
Muir v. Tuttle was finally determined in favor of defendant,
said Joe Hamilton agreed to redeliver to plaintiff the deed
and the promissory notes. The action of Muir v. Tuttle
resulted in a final judgment for defendant. The defendant
George W. Hamilton delivered his promissory note for two
thousand five hundred dollars to plaintiff, but the defendant
Joe Hamilton failed, neglected and refused to surrender his
note for three thousand dollars with the other securities and
documents. The defendant George W. Hamilton secured
possession of the deed, and in violation of the agreements
caused it to be placed of record in the office of the recorder
of the county of Placer.

These findings, which as we have said are amply supported
by the evidence, are sufficient to uphold the conclusions of
law to the effect that plaintiff was the absolute owner of the
land, and was not indebted to the defendant Joe Hamilton
in the sum of three thousand dollars, or in any sum whatever,
nor to George W. Hamilton in any sum whatever; that the
consideration for which the notes were given had wholly
failed, and that plaintiff was entitled to his decree quieting

title to the land in the complaint described, as a part of the relief under which decree, it was ordered that the deed of plaintiff to Hamilton be declared void and canceled.

The trial court stated that the vital question in the case was whether the agreement of plaintiff was to pay an unconditional or contingent fee. This, appellants say in their brief, is an illustration and a demonstration that the court has confused the true issue, and that the true issue is, Did the execution and unconditional delivery of the promissory notes create an obligation against the plaintiff, and has that obligation been discharged? Under the facts of this case, the note still being in the hands of the original payee, we think the distinction that counsel makes is rather of form than of substance. There was not an unconditional delivery of the promissory notes. However closely the lips of the plaintiff might have been sealed under the law governing negotiable paper if his notes had passed into the hands of an innocent purchaser for value before maturity, as between the original parties to an instrument nothing is better settled than that the maker may show an original lack of consideration, or subsequent failure of consideration, which latter was done in this case. And it is equally well settled that such lack or failure of consideration may be shown by parol. (*Billings* v. *Everett,* 52 Cal. 661; *Braly* v. *Henry,* 71 Cal. 483, [60 Am. Rep. 543, 11 Pac. 385, 12 Pac. 623]; *Jefferson* v. *Hewitt,* 103 Cal. 624, [37 Pac. 638]; 4 Am. & Eng. Ency. of Law, 2d ed., pp. 186, 196.)

The deed which plaintiff gave was, in effect, a mortgage, and was given as security for the payment of the promissory notes. The consideration for the notes having failed totally, it was plaintiff's right, as the court decreed, that the deed itself should be canceled and annulled.

The judgment and order appealed from are, therefore, affirmed.

McFarland, J., and Lorigan, J., concurred.