[Civ. No. 846. Second Appellate District.—September 1, 1910.]

## FIRST NATIONAL BANK OF IOWA CITY, Appellant, v. R. E. TROGNITZ, Respondent.

APPEAL FROM JUDGMENT AND ORDER—APPEAL AFTER SIXTY DAYS—INSUFFICIENCY OF EVIDENCE UNSPECIFIED — REVIEW UPON APPEAL.— Where an appeal from the judgment is taken after the lapse of sixty. days, the insufficiency of the evidence is not reviewable therein, and where the bill of exceptions does not specify, either generally or specially, the particulars wherein the evidence is insufficient, its

insufficiency cannot be reviewed upon appeal from the order deny-
ing a new trial.

Id.—Duty of Party Moving for New Trial.—It is the duty of a party
moving for a new trial on the ground of insufficiency of the evi-
dence to justify the verdict or decision, to specify and point out
wherein the evidence is insufficient.

Id.—Errors of Law in Bill of Exceptions—Specifications not Re-
quired.—When the appellant presents his record in the form of a
bill of exceptions, which presents the objection and rulings in such
manner that no more particular presentation is needed to call the
court's attention to the errors relied upon, the particular errors need
not be specified in the bill.

Id.—Appeal Limited to Judgment-roll—Sufficiency of Proper Find-
ings to Sustain Judgment.—Where the appeal is limited in its
efficacy to the judgment-roll, the only inquiry that can be properly
made is whether the findings made by the trial court, within the
issues made by the pleadings, sustain the judgment.

Id.—Action upon Acceptances of Bills of Exchange — Finding—
Place of Acceptance—Code Provision.—In an action upon accept-
ances by the defendant of four bills of exchange, in which the
court found that defendant signed his name on each bill at the
lower right-hand corner of each, instead of across the face of
the bill as indicated by the stamped word "accepted" across the
same, the signature as made was not such an irregularity as to in-
validate the acceptance. Under section 3195 of the Civil Code the
holder of the bill may treat the acceptance as sufficient if "written
upon any part of the bill or upon a separate paper."

Id.—Findings and Judgment for Defendant—Failure to Find upon
Material Issue as to Bona Fide Purchase by Plaintiff.—
Where the court, after finding that the defendant signed his name
to the bills of exchange when they were incomplete, and contained
blanks which were afterward filled in, and that defendant was mis-
led when he signed them and did not intend to execute anything
more than a mere memorandum form to be retained by the payee in
connection with purchases of goods by defendant from the payee,
rendered judgment for the defendant, the failure of the court to find
upon the material issue tendered by the complaint, whether plain-
tiff was a *bona fide* purchaser of the bills of exchange before ma-
turity for value, made the judgment without support, since a
finding in favor of plaintiff upon that issue would entitle plaintiff
to judgment.

Id.—Negotiable Paper Issued in Blank—Insufficient Defense.—
Where negotiable bills of exchange are sought to be recovered upon
against an acceptor, it is no protection to the acceptor to say as
against the claim of an innocent holder before maturity, that he
did not intend to create any liability against himself. One who

14 Cal. App.—12

makes himself a party to an instrument intended to be negotiable, but which is left wholly or partly in blank, for the purpose of filling in afterward, is liable thereupon to an indorsee thereof in due course, in whatever manner and at whatever time it may be filled, so long as it remains negotiable in form.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order denying a new trial. T. L. Lewis, Judge.

The facts are stated in the opinion of the court.

A. B. Bowman, and C. N. Andrews, for Appellant.

Ward, Wells & Ward, for Respondent.

JAMES, J.—Plaintiff, as the indorsee of four bills of exchange drawn by a corporation called the Providence Jewelry Company, brought this action to recover from defendant, as an acceptor of said negotiable instruments, the aggregate principal sum of $379.30, together with certain other sums accruing as interest. It was alleged in the complaint that plaintiff acquired the bills before maturity and for a valuable consideration. Defendant in his answer denied specifically all of the allegations set out in the complaint, and upon a trial being had judgment was awarded in his favor. Plaintiff appeals from the judgment and an order denying its motion for a new trial. A statement of the evidence heard at the trial is set out in a bill of exceptions. Objection is made by respondent that this evidence cannot be considered for the purpose of determining whether it is sufficient to support the findings and judgment, because, first, the appeal from the judgment was taken more than sixty days after the entry thereof; and, second, that the particulars in which the evidence is insufficient are not set out in any specification, either generally or particularly. This objection of respondent has undoubted merit.

Section 939 of the Code of Civil Procedure, referring to an appeal from a judgment, provides in part as follows: "But an exception to the decision, or verdict, on the ground that it is not supported by the evidence, cannot be reviewed on an appeal from the judgment, unless the appeal is taken within sixty days after the entry of the judgment." It is

the duty of a party, where he moves for a new trial on the ground of insufficiency of evidence to justify the verdict or decision, to specify and point out wherein the evidence is insufficient. (*Sather Banking Co.* v. *Briggs Co.*, 138 Cal. 724, [72 Pac. 352].) It is true that it has been held, where the appellant presents his record in the form of a bill of exceptions, that particular errors need not be specified, but this is when the objections and rulings appear in the bill, and hence need no more particular presentation in order that the court's attention may be readily attracted to the errors claimed. We are therefore left in determining this appeal to a consideration alone of the judgment-roll, and the only inquiry that can properly be made is as to whether or not the findings of the trial court, within the issues made by the pleadings, sustain the judgment. The court found that defendant signed his name on the face of each bill of exchange in the lower right-hand corner at the time the bills were presented to him; that the bills were not at that time complete, in that they contained blanks where the dates and amounts were afterward filled in; that across the face of each was stamped the word "accepted," and after a blank line left for signature, were the words "sign here"; that defendant had not signed at the place thus indicated; that he signed at the bottom of the instrument. There is no finding upon the issue as to whether or not there had been a transfer before maturity of the bills for a valuable consideration. The signing of the acceptor's name at the foot rather than across the face of the bill was not such an irregularity as to invalidate the acceptance. Section 3195 of the Civil Code provides: "The holder of a bill of exchange may, without prejudice to his rights against prior parties, receive and treat as a sufficient acceptance: 1. An acceptance written upon any part of the bill, or upon a separate paper; . . ." The several instruments here sued upon were drawn against and directed to the defendant by an indorsement at their foot in the words, "To R. E. Trognitz San Diego, Cal." At the right of these words the defendant affixed his signature, which in our view of the matter, considered with reference to the provisions of the code just quoted, constituted a sufficient acceptance.

It was important that the court should have found upon the issue as to whether or not plaintiff acquired the bills before

maturity and for a valuable consideration, inasmuch as a finding is made that defendant was misled when he signed the instruments and did not intend to execute anything more than a mere memorandum form to be retained by the jewelry company in connection with the purchase of goods made from it by defendant.. Where negotiable paper of the kind here sought to be recovered on is issued in blank, it is no protection to the acceptor to say, as against the claim of an innocent holder for value before maturity, that he did not intend to create any liability against himself. "One who makes himself a party to an instrument intended to be negotiable, but which is left wholly or partly in blank, for the purpose of filling afterward, is liable upon the instrument to an indorsee thereof in due course, in whatever manner and at whatever time it may be filled, so long as it remains negotiable in form." (Civ. Code, sec. 3125; *Bedell* v. *Herring,* 77 Cal. 572, [11 Am. St. Rep. 307, 20 Pac. 129].) If we were to assume, in the absence of a finding upon that question, that the allegations of the complaint to the effect that plaintiff acquired the bills prior to maturity and for value, are true, then that fact, taken and considered with the other facts found by the court, would require that judgment be entered in favor of plaintiff.

As the record is presented, the findings are insufficient to support the judgment, and the judgment is reversed.

Allen, P. J., and Shaw, J., concurred.