[Civ. No. 1413. First Appellate District.—November 20, 1914.]

## HOWARD H. FASSETT, Appellant, v. E. J. CALDWELL, Respondent.

Action on "I. O. U."—Admissibility of Evidence—Right to Show Instrument Mere Receipt.—In an action on a demand in the form of an "I. O. U.," where the plaintiff contends that the instrument was given as a guaranty of a certain investment which he was contemplating making and upon which he advanced certain money, which money he asserted was to be regarded as payment on certain stock if he was satisfied to make the investment, otherwise to be returned to him, but defendant contended that the instrument was merely a receipt for the money paid on account of the stock, parol evidence was admissible to show that the instrument was but an acknowledgment of the receipt of the money, and where the evidence showed that plaintiff concluded to make the investment defendant was under no obligation to return the money but was entitled to a cancellation or return of the "I. O. U."

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George L. Jones, Judge presiding.

The facts are stated in the opinion of the court.

Ernest K. Little, for Appellant.

William M. Madden, and Henry J. Brodsky, for Respondent.

THE COURT.—This is an appeal by plaintiff from a judgment in favor of the defendant in an action brought to recover on a demand in the form of an "I. O. U." executed by the defendant to the plaintiff's assignor, who is the father of plaintiff.

In November, 1911, plaintiff's assignor inquired of defendant concerning a location where his son could open a store. A few days later defendant called his attention to a business conducted under the name of "Our Store Inc." in which defendant was interested, and requested him to investigate it, advising him to invest one thousand five hundred dollars in it if he found it a good proposition, by purchasing three hundred shares of the capital stock of the corporation. Defendant took plaintiff's assignor to the store, introduced him to different persons connected with the business, requesting them to help him make a thorough investigation. After plaintiff's assignor had made a partial investigation of the business, and after, according to the evidence introduced by the defendant, he had stated that the proposed investment looked like a good one, plaintiff's assignor, at the request of the defendant advanced two hundred dollars, and two days later, on December 4, 1911, money being urgently needed in the business, advanced a further sum of one thousand three hundred dollars. On December 6th following three hundred shares were issued by the corporation in the name requested by plaintiff's assignor and delivered to him, and were subsequently receipted for by him on the books of the corporation.

Plaintiff's assignor testified that the understanding between him and the defendant was that if, after a thorough investigation of the affairs of the concern, he was satisfied to make the investment, the one thousand five hundred dollars was to

be regarded as payment for the stock; otherwise defendant was to return the money to him—in other words, the defendant was to guarantee the investment and the "I. O. U." was given for this purpose. Defendant on the other hand introduced evidence tending to show that the understanding was that Fassett Senior should make a thorough examination of the business, and if he concluded it could be made a paying proposition he would buy three hundred shares of the stock of the corporation; that he did make such investigation, declared himself satisfied, and subsequently the money was paid, and the stock delivered as just stated, and Mr. Fassett became a director and officer of the corporation. The defendant also testified that upon receiving the second payment of one thousand three hundred dollars he himself suggested that he give to Mr. Fassett some memorandum showing the receipt of the money until the stock was delivered, and that he thereupon signed and gave him the "I. O. U." which is the basis of this suit; that he did not guarantee the purchaser against loss; that he did not personally deliver the stock, and that he forgot to demand the return of the "I. O. U." after such delivery.

On January 4, 1912, the business in question went into the hands of a receiver and ultimately the creditors received twenty cents on the dollar.

This is the history of the case as disclosed by the record, and plaintiff's sole point is that all the evidence above narrated, which tends to show that the instrument was in the nature of a receipt, was inadmissible, for the reason that it was an attempt to vary the terms of a written contract. The evidence was admitted on the theory that it tended to show that there was no consideration passing from the plaintiff to the defendant for the "I. O. U.," and that it was but an acknowledgment of the receipt of the fifteen hundred dollars. We think that for this purpose the evidence was clearly admissible. (*Braly* v. *Henry*, 71 Cal. 481, 483, [60 Am. Rep. 543, 11 Pac. 385; 12 Pac. 623]; *Muir* v. *Hamilton*, 152 Cal. 634, [93 Pac. 857]; 9 Ency. of Evidence, p. 382.)

From the evidence introduced on behalf of the defendant it appears that the "I. O. U." was merely a memorandum for the receipt of the money advanced by the plaintiff's assignor pending his determination to make the proposed investment, and upon his conclusion to make the investment (which the court evidently considered was satisfactorily shown) the defendant

was under no obligation to return the money, but was entitled to the cancellation or return of his "I. O. U."

Judgment affirmed.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 18, 1915.