[L. A. No. 4053. Department Two.—December 14, 1917.]

F. R. HALL, Respondent, v. L. F. THURSTON, Appellant.

PROMISSORY NOTE—ACTION AGAINST MAKER—CONSIDERATION FOR TRANS-FER AFTER MATURITY—IMMATERIAL FINDING.—In an action on two promissory notes made by the defendant to his own order, and indorsed and delivered by him to a corporation, where the complaint alleged a transfer by the corporation after maturity for valuable consideration to one S. (who was president of the corporation), and a subsequent transfer by him to a third party and by the latter to the plaintiff, and the answer set up as a defense that the notes were the property of the corporation, that S. had secured the possession thereof fraudulently, and that the defendant had paid the corporation the entire indebtedness represented by the notes prior to the commencement of the action, an objection on appeal from a judgment that the evidence was insufficient to sustain a finding that, after the maturity of the notes, they were, for a valuable consideration, transferred by the corporation to S., and became his property, was immaterial, the finding itself being immaterial, so far as con-

cerned the defendant maker of the notes, who had not pleaded want of consideration for the making of the notes.

ID.—TRANSFER AFTER MATURITY—HOLDER'S RIGHT TO RECOVER.—In such case possession by plaintiff of the notes duly indorsed by the payee, no payments appearing to have been made thereon, establishes *prima facie* his right to recover thereon, especially where there is evidence tending to show that the board of directors of the corporation had ordered the transfer.

ID.—EQUITABLE DEFENSES NOT PLEADED—EVIDENCE INADMISSIBLE.—In such case there was no error in sustaining objections to questions tending to elicit the fact that the corporation had agreed with the defendant, maker of the notes, that the notes were not to be paid, no such agreement or equities having been pleaded.

ID.—ASSIGNMENT—DEFENSES.—Where promissory notes payable to the maker's own order are indorsed by him and delivered, and are subsequently assigned by his indorsee after their maturity, they are, as to the assignee, subject to any defenses existing in favor of the maker at the time of or before notice of the transfer.

ID.—PAYMENT AFTER NOTICE OF TRANSFER.—When the maker of promissory notes payable to his own order and indorsed by him pays them or the indebtedness which they represent to one to whom he had indorsed and delivered them, after he has had notice that the latter has assigned them, such payment is at his peril.

APPEAL from a judgment of the Superior Court of Los Angeles County.   A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

B. F. Woodward, and E. J. Fleming, for Appellant.

A. C. Routhe, for Respondent.

VICTOR E. SHAW, J., *pro tem.*—This is an appeal by the defendant from a judgment entered in favor of plaintiff upon two promissory notes made by defendant, payable to his own order and by him indorsed and delivered to the International Security Company (a corporation), of which one Newton J. Skinner was at the time president.

The complaint alleges that after their maturity the notes were for a valuable consideration transferred by said corporation to said Skinner, who thereafter, for value, transferred them to one George C. Smith, by whom they were delivered to plaintiff.   The answer admits the making and delivery of the notes to the International Security Company for a valu-

able consideration, and as a defense to the cause alleges that at all the times mentioned the notes were the property of said corporation and that "Skinner falsely and fraudulently secured possession thereof"; that no transfer of the same was made by said corporation, and "that prior to the commencement of the action plaintiff paid to said International Security Company the entire indebtedness represented by said promissory notes, together with interest thereon."

Upon the ground of want of sufficient evidence to sustain the same, appellant attacks the finding that after the maturity of the notes they were for a valuable consideration transferred to and became the property of Newton J. Skinner. In the absence of want of consideration pleaded for the making of the notes we are unable to perceive the materiality of the finding so far as it concerns defendant. However, conceding it to be material, possession of the notes by plaintiff, duly indorsed by the payee therein named, and upon which no payments appear to have been made, was as to plaintiff a sufficient *prima facie* showing to establish his right to recover thereon. In addition to this fact there was evidence tending to show that the notes were, by resolution of the board of directors of the International Security Company, ordered transferred in settlement of an account known as the Magee account, in which Skinner had some interest, which transfer so made by the president of the company appears to have been ratified by the board of directors of which defendant was a member present and acting in the transaction.

The action of the court in sustaining plaintiff's objection to defendant's offer in evidence of a written agreement made by him with the International Security Company, acting through Skinner, then president of said company, is assigned as error. Appellant claims this agreement related to said notes and modified their terms in reference to his obligation for the payment thereof, and thus, as between the defendant and the company, created equities in his favor whereby plaintiff was bound. A sufficient answer to his contention and the alleged error predicated upon the ruling of the court in sustaining plaintiff's objection to the question asked defendant, "Did you make an agreement [with the company] by which these notes were not to be paid?" is that no such equities or agreements were pleaded and no tender made by answer of any issue under which the document was admissible in evidence. Moreover, the agreement on its face makes no

reference to the notes involved in the action. There was no error in the ruling.

Immediately following the ruling upon the question last referred to, counsel for defendant said, "Your Honor rules that we cannot put in any evidence as to the payment of these notes?" to which the court replied, "It is just about that way." For the reason that the answer did not allege facts constituting any defense to the notes in the hands of plaintiff as legal holder thereof, the ruling was correct. They were payable to the maker by whom they were indorsed, and hence passed by delivery. (*Bank of Lassen Co.* v. *Sherer*, 108 Cal. 513, [41 Pac. 415].) The delivery constituting an assignment thereof was made by the International Security Company after the notes had matured. As provided in section 368 of the Code of Civil Procedure, they were as to plaintiff subject to any defenses existing in favor of defendant *at the time or before notice of the assignment.* As stated, the only defense pleaded was that plaintiff was not the owner of the notes (as to which the court upon sufficient evidence found in favor of plaintiff), and the alleged fact that defendant prior to the commencement of the action paid, not the notes, but "the indebtedness represented by said promissory notes" to the International Security Company. Clearly, if at the time of the transfer made by the company defendant had paid the notes, or if subsequent thereto he had without notice of the assignment made payment, such facts, *if pleaded,* would constitute a defense. (*Bank of Stockton* v. *Jones,* 65 Cal. 437, [4 Pac. 418].) It is not alleged, however, that payment was made before notice of the transfer. Indeed, we may say the state of the record is such that defendant could not truthfully have made such allegation. Hence, since proof of the allegation, in the absence of evidence that payment was made *prior to notice,* as to which there was neither averment nor offer of evidence, would constitute no defense to the action. After the transfer of the notes prior to payment thereof, of which fact defendant by uncontradicted evidence is shown to have had notice, payment thereof if made by him to the International Security Company, having as he knew no interest therein, was at his peril.

The judgment is affirmed.

Melvin, J., and Henshaw, J., concurred.