[Civ. No. 3798. Third Appellate District.—November 25, 1929.]

FRANK M. WOOD, Respondent, v. LEO A. GIROT, Appellant.

Clifford Russell and George E. McCutchen for Appellant.

James F. Gaffney for Respondent.

THOMPSON (R. L.), J.—This is an appeal from a judgment for damages for the breach of a contract of employment.

The defendant was the owner of a garage in Sacramento. July 16, 1927, the parties to this action executed a written contract for the employment of plaintiff as manager of the

garage for "a period of not less than one year," at a salary of $50 per week. This contract provided that: "In the event the party of the first part (defendant) disposes of his interests in the said garage, and the purchaser does not wish to take over the services of the party of the second part, then the said party of the second part will work as truck driver and utility man for the said party of the first part at the said fifty dollars each week until such time as the unexpired portion of the said year shall have been completed."

Pursuant to this contract the plaintiff took charge of the garage and performed the services of manager thereof for a period of about five months. The garage was then sold and transferred to one Polley, who retained the services of plaintiff for one week's time in order to familiarize himself with the business, paying him wages at the rate specified in the contract. The purchaser of the garage assumed no legal obligation to fulfill the defendant's contract of employment. Having completed his temporary services for Polley, the plaintiff returned and was set to work by the defendant driving a truck. On December 24th the defendant finally discharged him without cause, except that the defendant said there was not sufficient work to keep the plaintiff employed. Mr. Wood testified in this regard: "He told me that he was all through with the contract and there was nothing for me to do, and that he did not intend to carry out his part of the contract." The plaintiff then industriously sought for other employment, but found no regular work until March, at which time he was hired by the Shell Oil Company at a salary of $125 a month. The difference between the salary of $50 per week for the period of fifty-two weeks which was assured by the contract and the total amount which he actually did earn, together with the sum he would be able to earn if he retained his employment with the Shell Oil Company, was $847.05.

The plaintiff did not wait until the term of employment which was specified in the contract had expired, but brought suit for damages for the breach of the contract immediately after his discharge. The complaint contained two counts. Judgment was rendered for the plaintiff on both counts. A new trial was, however, granted as to the second cause of

action. The judgment for $847.05 which was awarded the plaintiff on the first count as damages for a breach of the contract is all that we are required to consider.

The appellant asserts that neither the complaint nor the evidence justifies a judgment for damages for breach of the contract of employment for the reason that no sufficient allegation or proof of a wrongful discharge of the servant appears. He relies upon the case of *Palmer* v. *Harlow,* 52 Cal. App. 758 [199 Pac. 844, 845], in which it is said that the mere recital in the complaint to the effect that "the defendant has refused to permit the plaintiff to proceed with the performance of the services," is an insufficient allegation to support an action for damages for the wrongful discharge of an employee.

In the present case, however, it was alleged that "said defendant, *without any cause whatsoever,* informed the plaintiff" that his services were no longer desired. In the absence of a demurrer this was a sufficient allegation of a wrongful discharge of the employee. The evidence is also adequate in this regard. The record discloses no criticism of the character of the plaintiff's services. The only reason assigned by the defendant for the plaintiff's dismissal was that he had no work for him to perform and that he repudiated the contract. Mr. Wood testified in this regard: "He (Mr. Girot) told me . . . there was nothing for me to do, and that he did not intend to carry out his part of the contract."

This action is not in the nature of a suit for wages. Upon the contrary, it is a claim for damages for the breach of a contract employing the plaintiff for the specific term of fifty-two weeks at a compensation of $50 per week. It was not necessary to wait until the end of the term of employment before commencing the action. A suit for damages for the violation of the terms of a contract may be brought at any time after the breach thereof so long as it is instituted within the statutory limitation of time. (*Seymour* v. *Oelrichs,* 156 Cal. 782 [134 Am. St. Rep. 154, 106 Pac. 88].) The rule of law is well established that the measure of damages in a suit of this nature consists of the entire unpaid contract price of the services, less whatever sum the employee actually earned during the specified term

of the contract, together with any further sum which he might have been able to earn by the exercise of reasonable diligence to procure other employment. The judgment is not confined to the installments which have actually accrued prior to the commencement of the action, but should include the entire damages which will have accrued at the time of the expiration of the agreement, for the contract is entire and not severable. (*Seymour* v. *Oelrichs, supra.*) This measure is precisely the basis upon which the judgment in the present case was rendered.

■ It is claimed by the appellant that the contract of employment was void for lack of mutuality in this, that it authorized the plaintiff, in the event of a sale of the garage, to terminate the contract with the defendant at his option and accept employment with the purchaser of the garage. The clear inference from the language of the contract, however, was that if the purchaser consented to employ the plaintiff the defendant would agree to such arrangement, but that if the purchaser did not employ the plaintiff he was still bound to continue his services for the defendant in the capacity of a truck driver and general utility man. The contract provided that "the party of the second part agrees to give (the defendant) good and sufficient service . . . ," and in the event of a sale of the garage, if "the purchaser does not wish to take over the services of the party of the second part, then the said party of the second part will work as truck driver and utility man for the said party of the first part at the said fifty dollars each week until such time as the unexpired portion of the said year shall have been completed." The defendant recognized this mutuality of contract and his obligation to continue the employment of the plaintiff. The plaintiff testified in this regard: "I asked Mr. Girot (when the garage was sold) what he wanted me to do and he said 'stay right on, Frank, until you hear from me. Mr. Polley wants to get acquainted with the trade . . . '" In fact, the defendant actually did give the plaintiff employment as a truck driver for a brief period after this temporary employment with Polley. Mr. Wood testified in this regard: "I continued my employment in the garage until the 21st of December *at Mr. Girot's request.* The three days following I worked for Mr. Girot trucking.

. . . After that (temporary service for Polley) I worked on one of Mr. Girot's trucks up to and including the 24th of December." This shows not only a mutuality of contract for the continuation of the employment of the plaintiff, but also a recognition of the obligation on the part of the defendant.

■ The appellant contends that the court failed to adopt specific findings with relation to his affirmative defense to the effect that the contract of employment was voluntarily abandoned by mutual consent of the parties on December 10, 1927, and asserts that the plaintiff was discharged by the purchaser of the garage because of his inefficiency and the wilful neglect of his duties. The answer did contain these allegations. It is true that the court merely adopted a general finding that all of the allegations of the defendant's answer in conflict with the plaintiff's first cause of action were untrue. This was ineffectual as a finding upon a necessary issue. But the affirmative finding that the defendant breached the contract on December 24, 1927, was tantamount to a finding to the effect that the contract was not terminated on December 10th, by mutual consent. Paragraph three of the complaint alleged that defendant breached the contract on December 24, 1927, by dismissing the plaintiff "without any cause whatsoever." The court specifically found this to be true. ■ Where the finding which is adopted is equivalent to an adverse finding upon an issue which is involved, more specific findings upon the subject are unnecessary. (*Eastman* v. *Piper,* 68 Cal. App. 554, 569 [229 Pac. 1002].) ■ Unless the omission to adopt findings prejudices the substantial rights of the appellant a judgment may not be reversed on that account. (2 Cal. Jur. 1032, sec. 614; *Beggs* v. *Smith,* 26 Cal. App. 532 [147 Pac. 585]; *Hulen* v. *Stuart,* 191 Cal. 562, 572 [217 Pac. 750, 754].) In the Hulen case last cited it is said that when it appears from the record that "if more complete findings had been made they would have been adverse to the contentions of the appellant . . . the failure to find further is not a ground for the reversal of the judgment. (*Krasky* v. *Wollpert,* 134 Cal. 338, 342 [66 Pac. 309].)" ■ The same comment is applicable to the omission to find that the plaintiff was not discharged by the purchaser of the garage

because of his inefficiency or negligence with respect to his duties. This finding was immaterial. A finding that he was discharged on that account is not supported by any evidence. Indeed, the evidence upon this subject is just the contrary. Mr. Polley testified: "I did not let Mr. Wood go because his work was not efficient. His work was entirely satisfactory to me." Where there is no evidence to support the appellant's allegations, the omission to find upon such an issue is not error. (*Himmelman* v. *Henry*, 84 Cal. 104 [23 Pac. 1098].) In 2 California Jurisprudence, 1034, section 614, it is said: "Not only must it appear that evidence was introduced upon such omitted issue, but it must appear also that the evidence was sufficient to warrant a finding for the appellant."

The judgment is affirmed.

Jamison, J., *pro tem.*, and Finch, P. J., concurred.