[Civ. No. 9000. Second Appellate District, Division One.—March 16, 1935.]

WM. H. MOORE, Jr., Trustee, etc., Respondent, v. GAVIN W. CRAIG et al., Appellants.

W. T. Kendrick, Jr., and Walter L. Bowers for Appellants.

Beardsley & Beardsley for Respondent.

EDMONDS, J., *pro tem.*—The defendants appeal from a judgment entered against them on a promissory note, challenging the findings of the court as being insufficient to support the judgment.

The complaint alleges the execution and delivery by the defendants of a promissory note dated in January, 1929, due one year thereafter, and payable to one Hull; its endorsement and delivery by Hull to one Topham, in July, 1929; its endorsement and delivery by Topham to Weaver Lumber Company in October, 1930, and the appointment of plaintiff as the latter's trustee in bankruptcy after adjudication. The answer affirmatively alleges on information and belief that Hull did not endorse or deliver the note to Topham at the time alleged or at all, and denies on information and belief that Topham transferred the note to the lumber company.

For a further defense the defendants allege that they executed and delivered the note sued upon as part of the consideration for a store and office building purchased from Hull; that as a part of that transaction Hull agreed that he would procure the cancellation of a lease on one of the stores, but that he never did so; that after May, 1929, they first learned that Hull would not comply with his agreement and for that reason refused to make further payments on the note. They also allege that by reason of the failure of Hull to perform his contract they were damaged in various ways. As an additional defense the defendants allege that Hull represented the building to be of steel construction and capable of supporting additional stories, which representations were false and resulted in damage to them.

The trial court found specifically that all of the allegations of the complaint were true and then found as follows: "XIII. That the allegations contained in defendants' answer, and in the first amendment to defendants' answer are not true, in so far as said allegations are in conflict with the foregoing findings of fact. XIV. That the purported defense of the defendants in said original and amended answer, based upon the existence of a lease on one of the storerooms in said building, is not supported by the evidence,

and that the allegations of said defense are not true. XV. That the purported defense of the defendants in said original and amended answer, based upon the type of construction of the Hull Building, and the alleged representations of the payee of the note regarding said construction, is not supported by the evidence, and that the allegations of said defense are not true."

The defendants contend that these three findings, which are the only ones made on the issues raised by the answer, are insufficient to sustain the judgment against them. ▮ "While it is not necessary that the findings should follow the precise language of the pleadings, it is essential that they be so drawn that the truth or falsity of every material allegation can be demonstrated therefrom. The purpose of findings 'is to answer the questions put by the pleadings'." (*Frascona* v. *Los Angeles Ry. Corp.*, 48 Cal. App. 135, 138 [191 Pac. 968].)

▮ As to the first challenged finding, the questions put by the allegations of the complaint and the denials of the answer were answered by specific findings adverse to the defendants. The allegation in the answer that Hull did not endorse or transfer the note is, in effect, only a denial of the averments of the complaint in that regard. This allegation and the denial of the endorsement and transfer of the note by Topham were sufficiently covered by the particular findings on the issues tendered by the complaint and this challenged finding may be disregarded. Where the court found that the note was endorsed and transferred as alleged, a finding that the contrary is not true is unnecessary. "It is true that the court merely adopted a general finding that all of the allegations of the defendant's answer in conflict with the plaintiff's first cause of action were untrue. This was ineffectual as a finding upon a necessary issue. But the affirmative finding that the defendant breached the contract on December 24, 1927, was tantamount to a finding to the effect that the contract was not terminated on December 10th, by mutual consent. . . . Where the finding which is adopted is equivalent to an adverse finding upon an issue which is involved, more specific findings upon the subject are unnecessary." (*Wood* v. *Girot*, 102 Cal. App. 160, 165 [282 Pac. 981].)

 The other two findings which defendants question are on the issues raised by the two separate defenses pleaded. One states that the allegations of the defendants' answer based upon the existence of a lease are not true. By the other the court finds that the allegations of the defendants' answer based upon the type of construction of the building purchased and the representations of the payee regarding the construction are not true. There can be no doubt as to the facts which the court found, and when read with the other findings they cover all of the issues raised by the pleadings. The following is also pertinent. "As to appellant's objection that the findings are not direct, but inferential and uncertain, it may be said that so far as the record discloses appellant proposed no amendments to the findings and raised no objection as to their uncertainty when served, or prior to the signing of the same by the court, hence he cannot raise on this appeal for the first time, the question of uncertainty, or that they are not sufficiently explicit. (*Warren* v. *Hopkins,* 110 Cal. 506 [42 Pac. 986]; *Parke* v. *Hinds,* 14 Cal. [415], 416; *Estate of Perry* (*Dixon* v. *Norman*), 64 Cal. App. 21 [220 Pac. 321].)" (*Sweet* v. *Hamilothoris,* 84 Cal. App. 775, 782 [258 Pac. 652].)

 The defendants' position that the evidence of ownership of the note is not sufficient to sustain the judgment cannot be upheld. The same question was raised in the case of *Pugh* v. *Dawson,* 95 Cal. App. 505, 516 [273 Pac. 39], where the court said: "Possession of commercial paper, with indorsement, makes a *prima facie* case of delivery by the indorser to the holder and of ownership of the latter. In *Pastene* v. *Pardini,* 135 Cal. 431 [67 Pac. 681], the court said: 'The delivery was *prima facie* established by plaintiff's production and proffer of the note.' (See note to *Bedell* v. *Herring,* 77 Cal. 572 [11 Am. St. Rep. 323, 20 Pac. 129], where the cases are collected.) The proposition there laid down and supported by numerous cases is thus stated: 'It is well established that the mere possession of a negotiable instrument by the indorsee, or by the transferee where no indorsement is necessary, imports *prima facie* that he is the lawful owner, and that he has acquired it before maturity, *bona fide,* for value, in the usual course of business, and without any circumstances impeaching its validity.' (*Linder Hdw. Co.* v. *Pacific Sugar Corp.,* 17 Cal. App. 81, 92 [118

Pac. 785] ; see, also, Civ. Code, secs. 3099 and 3111; *Hall* v. *Thurston*, 176 Cal. 738 [171 Pac. 285] ; Story on Promissory Notes, sec. 196; *Braly* v. *Henry*, 71 Cal. 481, 482, 483 [60 Am. Rep. 543, 11 Pac. 385, 12 Pac. 623].) "

The defendants presented no evidence to contradict the *prima facie* showing of the plaintiff as to title, and the record further shows some of the details of the transactions by which the note was acquired by the endorsers. Plaintiff sufficiently proved ownership of the note.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.